**In re COMPLAINT OF JUDICIAL MISCONDUCT.**

No. 94–372–001.

United States Judicial Conference Committee to Review Circuit Council Conduct and Disability Orders.

Sept. 29, 1994.

### COMMITTEE MEMORANDUM AND ORDER

This matter is before the Judicial Conference Committee to Review Circuit Council Conduct and Disability Orders pursuant to a petition for review dated April 18, 1994. Complainant seeks review of the April 7, 1994 order of the Judicial Council of the District of Columbia Circuit dismissing his complaint of judicial misconduct filed under 28 U.S.C. § 372(c) against a district judge.

#### Committee Authority

Under 28 U.S.C. § 372(c)(10), "A complainant, judge, or magistrate aggrieved by an action of the judicial council under paragraph (6) of this subsection [—the paragraph under which the judicial council may take action on a complaint of judicial misconduct following the report of a special investigating committee—] may petition the Judicial Conference of the United States for review thereof. The

Judicial Conference, or the standing committee established under section 331 of this title, may grant a petition filed by a complainant, judge, or magistrate under this paragraph."

Section 331 of 28 U.S.C. provides, "The Conference is authorized to exercise the authority provided in section 372(c) of this title as the Conference, or through a standing committee. If the Conference elects to establish a standing committee, it shall be appointed by the Chief Justice and all petitions for review shall be reviewed by that committee."

The Judicial Conference has established this committee to be the standing committee authorized to act for the Judicial Conference under § 331 in proceedings of this kind. Pursuant to §§ 331 and 372(c)(10), this committee may grant or deny complainant's petition for review, and the committee's orders in this respect are final and not appealable.

*Background*

Complainant filed a complaint with the clerk of the Court of Appeals for the District of Columbia Circuit on May 11, 1993, alleging that the district judge, in the course of recusing himself from a lawsuit in which complainant was a party, had issued a public order revealing that the reason for his recusal was that complainant, who was named, had filed a previous complaint of judicial misconduct against him under § 372(c). Complainant's previous complaint had already been dismissed by the chief judge of the District of Columbia Circuit. Complainant also charged the judge with having distributed to the press copies of the recusal order mentioning his name in conjunction with the prior complaint.

Complainant argued that the judge's disclosure that he had been the complainant against the judge in a prior matter violated Rule 16(a) of the D.C.Circuit Rules Governing Complaints of Judicial Misconduct or Disability. Rule 16(a)—which is identical to Illustrative Rule 16(a), that has been adopted by all of the circuits and courts covered by the Act—provides, "Consideration of a complaint by the chief judge, a special committee, or the judicial council will be treated as confidential business, and information about

such consideration will not be disclosed by any judge, magistrate, or employee of the judicial branch ... except in accordance with these rules." The district judge did not seek the chief judge's consent to disclose the complainant's identity pursuant to Rule 16(g), which, mirroring § 372(c)(14)(C) of the statute, provides that "[a]ny materials from the files may be disclosed to any person upon the written consent of both the judge or magistrate complained about and the chief judge of the circuit."

At the chief judge's request, the district judge filed a written response to the complaint on October 4, 1993. On October 18, 1993, the chief judge notified complainant of the appointment of a special committee to investigate the complaint. On January 7, 1994, the special committee recommended to the circuit council that a letter be sent to the district judge, with a copy to complainant, pointing out that "it was a violation of the rules [i.e., the D.C.Circuit Rules Governing Complaints of Judicial Misconduct or Disability] to issue the order disclosing [complainant] as a complainant without the approval of the Chief Judge." This letter, the special committee recommended, would constitute appropriate corrective action to remedy the problem raised by the complaint.

Instead, the circuit council, on April 7, 1994, by a vote of five members to four, dismissed the complaint. The five-member majority reasoned that the district judge, pursuant to a resolution adopted by the district court "that any judge who recuses from a case must set forth the reason or reasons for said recusal on the reassignment form of the Calendar Committee," had a duty to state the reasons for his recusal. Noting that the commentary to Rule 17 states that "it may not always be practicable to shield the complainant's identity," the majority concluded that it was not practicable for the district judge to seek the chief judge's approval for this disclosure, since it might violate ethical standards for a district judge to discuss a proposed ruling with a court of

appeals judge. In any event, according to the majority, the complaint's allegations were not cognizable under the Act because the district judge's alleged misconduct arose "out of the performance of judicial duties as an Article III Judge."

The four-member dissent argued that the district court resolution provided no basis for the district judge's public disclosure of complainant's name, since the judge "could have obeyed the resolution without disclosing [complainant's] identity even to the Calendar Committee; nothing in the resolution, after all, requires that the recusing judge specifically identify the persons whose presence in the case triggered the recusal." The dissenters rejected the majority's view that actions arising out of the performance of judicial duties were not cognizable under the complaint process, pointing out that § 372(c)(3)(A)(ii) establishes a much narrower standard calling for dismissal of allegations that are "directly related to the merits of a decision or procedural ruling." In addition, the dissenters rejected the district judge's arguments, articulated in his response to the complaint, that the confidentiality requirement of Rule 16(a) does not extend to the complainant's identity and does not apply to the judge complained against. The dissent concluded: "We do not doubt Judge Y's entire good faith. In fact, we would not support any action more severe than a letter informing Judge Y that the disclosure of Mr. X's name violated Rule 16(a) (and, like this dissent, withholding the names of complainant and judge)."

### Governing Legal Principles

In his petition for review, complainant argues that the action of the circuit council was defective both procedurally and substantively. Procedurally, complainant primarily asserts that in contravention of Rule 13(b), the special committee never accorded him an interview. As to substance, complainant repeats the arguments made by the circuit council dissenters.

We conclude that the D.C. Circuit Council did err in both respects: (1) procedurally, in that complainant was never interviewed by the special committee, as D.C.Circuit Rule 13(b) requires; and (2) substantively, in that the district judge's disclosure violated the D.C.Circuit Rules, and the circuit council's rationale for its finding that any such violation was not cognizable under § 372(c) was incorrect.

■ Rule 13(b) uses mandatory, not discretionary, language when it states, "The complainant *is entitled* to be interviewed by a representative of the [special] committee." It is true that the commentary to D.C.Circuit Rule 13 states that "these rules ... leave the complainant's role largely within the discretion of the special committee." But the commentary goes on to explain that the guarantee of an interview is an exception: "However, rule 13(b) promises complainants that, where a special committee has been appointed, the complainant will at a minimum be interviewed by a representative of the committee.... We believe ... that it is helpful to provide the assurance in the rules that complainants will have an opportunity to tell their stories orally." Complainant is right, therefore, when he complains that the special committee's failure to offer him an interview violated the rules.

■ Complainant is also correct that the circuit council's procedures violated the rules in two other, lesser respects. The special committee did not notify complainant that the committee had filed its report with the council and that the matter was before the council for decision, as required by Rule 13(a). Furthermore, the council did not notify complainant of his right to petition the Judicial Conference for review of the council's order, as required by Rule 14(i).

■ Turning to the substance of the complaint, Rule 16(a)'s confidentiality rule—requiring that "[c]onsideration of a complaint ... will be treated as confidential business, and information about such consideration will not be disclosed"—plainly extends to the identity of the complainant. In the absence of any indication elsewhere in the rules to the contrary, the phrase "information about

the consideration of a complaint" is most reasonably construed to include the identity of the complainant (as well, of course, as the identity of the judge complained against).

Other provisions in the rules strongly support this construction. Rule 17(a)(4)'s provision that "[t]he name of the complainant will not be disclosed in materials made public under this rule unless the chief judge orders such disclosure," would make no sense if the name of the complainant were public information from the outset under Rule 16(a). The same is true of Rule 16(g)'s provision that, when the chief judge and the judge complained against agree to disclose materials, "The chief judge may require that the identity of the complainant be shielded in any materials disclosed." The rules, therefore, clearly evince an intention that the identity of the complainant be kept confidential, except insofar as the rules may otherwise provide.

Policy considerations likewise support confidentiality. The complaint mechanism of the Act will serve its purpose less well if persons who may have meritorious grievances are afraid to file a complaint because they fear retaliation, or other adverse consequences, if they do so.[1] While the identity of the complainant will necessarily become known to the judge complained against, a complainant may also fear retaliation from the judge's judicial colleagues, former law clerks, and other associates, as well as other adverse consequences, such as acquiring a reputation as a malcontent. One need only imagine a hypothetical complaint of sexual harassment against a judge to envision a situation in which a complainant might well feel the need for confidentiality. That some complainants may wish their complaints to be aired as publicly as possible does not detract from other complainants' legitimate interest in confidentiality. Indeed, complainant here makes specific allegations as to certain harms he has suffered as a result of the district judge's disclosure.

The district judge asserts that the confidentiality proscriptions of Rule 16(a) do not include the judge complained against as one of the persons barred from making disclosure. This position is incorrect. The commentary to Rule 16(a) states that the confidentiality requirement "of course includes judges and magistrates who may be the subjects of complaints."

The district judge could have complied with the district court's resolution to disclose to the court's Calendar Committee the reasons for his recusal without revealing that it was complainant who had filed a complaint of judicial misconduct against him. He could simply have stated that a party or attorney involved in the case had filed such a complaint. Also, we know of no reason why any disclosure the district judge made to the Calendar Committee had to take the form of a public order in the case revealing complainant's identity to a much wider circle.

The circuit council majority further argues that for the district judge to have sought the chief judge's permission to reveal complainant's identity "may well have violated the Code of Judicial Conduct and the Protocol of Article III Courts in communicating with another Judge a proposed decision when the other Judge might have to sit in review of such decision." There are at least two answers to this contention. First, as there was no need for the district judge to reveal complainant's identity in the first place, he could easily have avoided any necessity to seek the chief judge's permission to do so. Secondly, had disclosure nonetheless been thought essential, we do not believe that a limited communication with the chief judge of the court of appeals for the sole purpose of complying with Rule 16(g) would have violated any ethical standard. The chief judge retained the option of later recusal had any information disclosed to him so required.

■ The circuit council majority suggests that even if the district judge violated the

---

1. Concern that fear of retaliation may deter the filing of well-founded complaints under section 372(c) was discussed prominently in the recent

Report of the National Commission on Judicial Discipline and Removal (1993), at pp. 100–01.

D.C.Circuit Rules Governing Complaints of Misconduct or Disability, his conduct nonetheless is not cognizable under § 372(c) because that section does "not cover complaints arising out of the performance of judicial duties as an Article III Judge." This suggestion is based upon a misapprehension of the scope and purposes of § 372(c) and its cognizability provisions.

Section 372(c)(3)(A)(ii) makes it clear that allegations "directly related to the merits of a decision or procedural ruling" are not cognizable under the Act. This provision was intended to protect the independence of a judge in making decisions by precluding use of the complaint mechanism to collaterally attack rulings. H.R.Rep. No. 1313, 96th Cong., 2d Sess. 10 (1980); *Report of the National Commission on Judicial Discipline and Removal* 93 (1993) ("Commission Report"). The exception carved out by the majority would be far broader. It would exempt from the Act a wide range of conduct that has nothing to do with the merits of judicial rulings. Under the majority's formulation, for example, any misconduct by a judge that occurred while a judge was performing judicial duties—accepting bribes, uttering ethnic slurs, or communicating ex parte—would not be cognizable under the Act.

In fact, the central thrust of the Act is to make judges accountable for precisely this sort of conduct: conduct not related to the merits of rulings that arises in the course of the performance of judicial duties (as distinguished from a judge's conduct in his or her purely private life, which might or might not be a proper subject for complaint, depending on the particular circumstances). *See Commission Report* at 96–97. The dissent is right that "[o]n the majority's view, ... the system of judicial self-discipline contemplated by Congress would be wholly eviscerated."

### Factual Issues

Because the circuit council dismissed the complaint without any factual investigation, the council did not make a factual determination as to whether the district judge violated the D.C.Circuit Rules in good faith or, as complainant contends, deliberately and maliciously. The council's resolution of that factual dispute, of course, would likely affect its ultimate determination of the appropriate course of action under § 372(c)(6).

Complainant alleges that when the district judge issued his order of recusal identifying complainant as having filed the prior misconduct complaint, the district judge sent copies of the order to a number of publications. If this allegation were true, the district judge's conduct would be more serious, since the extraordinary step of releasing the order to the press might suggest an improper, vindictive desire to retaliate against complainant.

The district judge, however, flatly denies the allegation, stating that journalists apparently learned of the order from other sources and obtained copies themselves. In support of his position, the judge points out that the story in one publication did not appear until twelve days after the issuance of the order.

Accordingly, we direct the circuit council, on remand, to undertake such investigation into the complaint's allegations as it deems appropriate to resolve these factual disputes. The investigation—which may be conducted either by the special committee or by the council itself pursuant to Rule 14(b)—shall include, at the very least, an interview with complainant pursuant to Rule 13(b). The special committee and/or the council will, of course, grant complainant all the rights afforded him by the D.C.Circuit Rules, including Rules 13(a) and 14(i).

### Conclusion

We remand this matter to the Judicial Council for the District of Columbia Circuit with instructions (1) to vacate the dismissal; (2) to conduct such investigation as it considers appropriate, including an interview with the complainant pursuant to Rule 13(b), into

the allegations that the district judge acted in bad faith; and (3) to take such action as it considers appropriate—consistent with the principles set forth in this opinion—pursuant to 28 U.S.C. § 372(c)(6) and D.C.Circuit Rule 14.

FOR THE COMMITTEE [2]
/s/  Levin H. Campbell
Levin H. Campbell
United States Circuit Judge

**2.** This opinion was prepared by Judge Levin H. Campbell, with United States Circuit Judge William J. Bauer, United States Circuit Judge Henry A. Politz, United States Circuit Judge Cornelia G. Kennedy, United States District Judge John P. Fullam, and United States District Judge Gordon Thompson, Jr. concurring.