ORDER
A misconduct complaint was filed against a district judge of this circuit pursuant to 28 U.S.C. § 372(c) (now 28 U.S.C. § 351(a)) in February 2003. The Chief Judge entered an Order and Memorandum dismissing the complaint on July 14, 2003. The Judicial Council entered an Order vacating and remanding to the Chief Judge for further proceedings on December 18, 2003. After further investigation, the Chief Judge entered a Supplemental Order and Memorandum on November 4, 2004, again dismissing the complaint. Complainant has filed a petition for review of the Chief Judge’s November 4th Order.
Complainant alleges that the district judge acted for inappropriate personal reasons in placing a “comely” female criminal defendant on probation “to himself, personally,” and in withdrawing the reference in the bankruptcy proceeding of this probationer in order to “benefit an attractive female.” The claim asserted in the complaint is that the judge “acted inappropriately to benefit an attractive female” and requested that “this matter be appropriately investigated to determine, among other things, the actual relationship” between the probationer and the judge. An investigation was made of the allegation.
Complainant’s suggestion of an inappropriate personal relationship with the probationer is entirely unfounded. This district judge has for many years directed criminal probationers, both male and female, to appear before him personally during their probationary period. In all cases, the district judge’s personal meeting with the probationer is in the company of *1181 the probation officer. The probationer in this case was supervised in the same manner as other probationers supervised by this district judge, as described in an affidavit by her probation officer.[1]
The withdrawal of the reference by the district judge was dealt with by the court of appeals in In re Canter, 299 F.3d 1150 (9th Cir.2002). The court held that the district judge had abused his discretion in withdrawing the reference and in staying eviction proceedings against the probationer.
The district judge withdrew the reference on February 17, 2000, and stayed the eviction proceedings on February 29. While evaluating the misconduct complaint now before us, the Chief Judge learned that in July 2001 the district judge transferred the bankruptcy proceeding to another district judge to allow the second judge to evaluate the propriety of the withdrawal of the reference. The second judge re-referred the proceeding to the bankruptcy court in September 2001. The bankruptcy court granted the trustee’s motion to abandon the estate’s interest in the residence in question in January 2002.
The Judicial Council’s remand to the Chief Judge indicated concern that the district judge may have received an improper ex parte letter from the probationer, and that the withdrawal of the reference may have been based on information contained in the alleged letter. After an investigation, the Chief Judge found that no such letter had been transmitted to, or received by, the district judge. We will not upset that factual finding. Further, any other impropriety in the district judge’s receipt of information from the probationer during his personal meeting with her, and in the withdrawal of the reference based on that information, has been the subject of appropriate corrective action by the court of appeals, which held that there had been an abuse of discretion, and by the district judge’s own earlier action in transferring the bankruptcy proceeding to another district judge.
On May 18, 2005 the Judicial Council communicated with the district judge setting forth with specificity the nature of the inappropriate conduct that he had engaged in relating to the withdrawal of the reference of the Canter bankruptcy and setting forth the necessity for appropriate and sufficient corrective action including an acknowledgment by the district judge of his “improper conduct” and a “pledge not to repeat it.”
In response to the Judicial Council’s communication, the district judge, in a written response from his lawyers, advised that, “... he has carefully reflected upon the underlying events surrounding this proceeding. Upon reflection, he recognizes that if he had articulated his reasons for withdrawing the reference and re-imposing the stay, and his underlying concerns that led to those actions, misunderstandings by the parties could have been prevented. As would any dedicated jurist, he believes those types of misunderstandings should be avoided wherever possible, and he recognizes that it was unfortunate they occurred in this situation. He does not believe that any similar situation will occur in the future.”
We are satisfied that adequate corrective action has been taken such that *1182 there will be no re-occurrence of any conduct that could be characterized as inappropriate. In response to the dissents, it is important to note that the overall purpose of the Judicial Conduct and Disability Act is not to punish but to protect the judicial system and the public from further acts by a judicial officer that are detrimental to the fair administration of justice. See Rule 1 of the Rules of the Judicial Council of the Ninth Circuit Governing Complaints of Judicial Misconduct or Disability (“The law’s purpose is essentially forward-looking and not punitive. The emphasis is on correction of conditions that interfere with the proper administration of justice in the courts.”). As the procedural history of this complaint amply demonstrates, the Council has given close and diligent attention to this matter over a period of many months. Although the specific allegation raised by the complainant of judicial action in exchange for sexual favors is as straightforward as it is without merit, the additional issues that have been raised along the way in the course of the Council’s inquiry are factually and legally complex. It is not surprising that all members of the Council do not agree on the correct resolution of these issues. Indeed, it is even a fair question whether these additional matters are properly within the scope of the complaint. Assuming that they are, the Council’s finding of corrective action is a considered judgment, based on the circumstances of this case, that is specifically authorized by the rules that govern these proceedings. See Rule H(d). A finding of corrective action is not a cover up or a whitewash; it is a finding that adequate steps have been taken to assure that the conduct will not be repeated, whether or not the conduct crosses over the line from inappropriate conduct to misconduct.
Judge Kozinski suggests that the Council’s goal is to avoid “hurting the feelings of the judge” who is the subject of the complaint. Dissent at 13831. Not so. Our goal in these proceedings is to maintain the integrity of the judiciary, not to cater to hurt feelings. Compared to many of the decisions we are called upon to make, decisions on misconduct complaints do not make any special claim on a judge’s intellectual integrity or personal courage. Any judge who feels that his or her impartiality might be affected because of a personal relationship to the judge about whom a complaint is made must recuse. Otherwise, it is our duty to consider the complaints objectively, without bias for or against the judge or the complainant. This is not an onerous duty, and we gladly accept it.
The Judicial Council finds that appropriate corrective action has been taken in this case and we therefore AFFIRM the November 4, 2004, Order of the Chief Judge dismissing the complaint.

. The court’s supervision of a probationer does not involve additional parties or require adversary legal proceedings unless the probation officer asks the court to revoke probation because of an alleged violation of a condition of probation. The conditions of probation, and, therefore, the supervision of a probationer, often focus on the probationer's living arrangements and economic circumstances. See 18 U.S.C. § 3563(a)(7), (b)(1), (b)(2), (b)(13), and (b)(19).