I.

Facts and Procedural Background

The Judicial Conference of the United States has delegated to the Committee to Review Circuit Council Conduct and Disability Orders the responsibility to consider petitions addressed to the Judicial Conference for review of circuit council actions on judicial conduct or disability complaints under 28 U.S.C. § 357(a).
A misconduct complaint was filed by an attorney against a district judge (“District Judge”) in the Ninth Circuit in February 2003, alleging that the District Judge withdrew the reference of a bankruptcy matter from the Bankruptcy Court and stayed enforcement of a state unlawful detainer judgment for improper reasons. The Debtor was serving probation after having been convicted of false statements and *107 loan fraud. The Chief Judge of the Court of Appeals, Mary M. Schroeder, dismissed the misconduct complaint on July 14, 2003, stating that “upon inquiry the allegations of inappropriate conduct were not substantiated.”
The complainant then petitioned the Judicial Council of the Ninth Circuit for review of the chief judge’s order dismissing the complaint. The petition for review was sent to ten members of the Judicial Council of the Ninth Circuit, a group consisting of five circuit judges and five district judges (hereafter referred to as “Judicial Council”), who were authorized to act as the Judicial Council. On September 10, 2003, the Judicial Council requested the District Judge to provide further details with respect to the District Judge’s withdrawal of the reference to the Bankruptcy Court, his reinstatement of the automatic bankruptcy stay, and his placement of the Debtor on probation with a condition that she personally report to the District Judge every 120 days. The District Judge responded by letter dated October 9, 2003. The District Judge explained that he had transferred the Bankruptcy Court proceeding to another district judge to evaluate the propriety of the withdrawal of the reference. The second judge had referred the proceeding to the Bankruptcy Court once again, and ultimately that court granted the trustee’s motion to abandon the estate’s interest in the residence in question.[1]
At the request of the Judicial Council, during November, 2003 an Assistant Circuit Executive contacted several individuals regarding certain relevant facts.
The Judicial Council entered an order on December 18 vacating the chief judge’s dismissal order and remanding the matter to her for further proceedings consistent with its order. Four members of the Judicial Council dissented, voting to affirm the order of Chief Judge Schroeder dismissing the complaint.
Upon remand, the District Judge filed a lengthy response to the Judicial Council’s order challenging the complainant’s allegation that an improper relationship existed between the District Judge and the Debt- or, characterizing the allegations in the Judicial Council order as meritless, contending that the Council exceeded the scope of its authority under the Ninth Circuit’s judicial misconduct rules, and requesting that the Council dismiss the complaint. By order dated November 4, 2004, Chief Judge Schroeder once again dismissed the complaint of judicial misconduct stating, inter alia, that “the complainant’s factual allegations of an inappropriate personal relationship, and the Judicial Council’s subsequent concern about secret communications having occurred between the District Judge and the defendant/debt- or, are not reasonably in dispute within the meaning of 28 U.S.C. § 352(a).” The chief judge further stated that the unlawful filing of and references to a confidential pre-sentence investigation report in defendant/debtor’s bankruptcy proceedings constituted a legitimate basis for the District Judge’s initial assumption of jurisdiction in the bankruptcy case, sufficient to preclude a finding of judicial misconduct.
The complainant then petitioned the Judicial Council for review of the chief judge’s November 4, 2004 order. On May 18, 2005, the Judicial Council sent the District Judge a letter agreeing with the chief judge that the allegation that the District *108 Judge acted inappropriately in supervising the probation of the Debtor was unfounded. Nonetheless, the Council sought additional information from the District Judge with respect to other allegations. The District Judge responded by his counsel by letter dated June 17, 2005.
On September 29, 2005, the Judicial Council issued an order concluding that “appropriate corrective action has been taken in this case” and affirmed the November 4, 2004 order of the chief judge dismissing the complaint. One judge filed a partial concurrence and partial dissent, another judge dissented, and a third judge separately dissented. On October 1, 2005 the complainant sent the Judicial Conference a request for review of the action of the Judicial Council, which was transmitted to this Committee.
II.

Discussion

Before proceeding to address the substance of the complaint, the Committee must determine whether it has jurisdiction to do so.
The United States Code provides that any person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts may file with the Clerk of the Court of Appeals for the circuit a written complaint containing a brief statement of the facts constituting such conduct. 28 U.S.C. § 351(a). The Clerk of the Court is required to promptly transmit any such complaint to the chief judge of the circuit as well as to the judge whose conduct is the subject of the complaint. 28 U.S.C. § 351(c). The chief judge is required to expeditiously review any such complaint received under section 351(a). Under the statute, the chief judge may conduct a limited inquiry for the purpose of determining “(1) whether appropriate corrective action has been or can be taken without the necessity for a formal investigation; and (2) whether the facts stated in the complaint are either plainly untrue or are incapable of being established through investigation.”
The chief judge may request the judge whose conduct is complained of to file a written response to the complaint and “may also communicate orally or in writing with the complainant, the judge whose conduct is complained of, and any other person who may have knowledge of the matter, and may review any transcripts or other relevant documents.” 28 U.S.C. § 352(a). However, that section also provides that “[t]he chief judge shall not undertake to make findings of fact about any matter that is reasonably in dispute.” After the chief judge reviews the complaint, the chief judge may dismiss the complaint or appoint a special committee to investigate the facts and allegations. 28 U.S.C. §§ 352, 353.
In the case before us, the complainant has petitioned for review of the action of the Judicial Council. However, we are limited by § 357(a) to consider petitions for review by “a complainant or judge aggrieved by an action of the judicial council under section 354 ...” 28 U.S.C. § 357(a). Section 354 gives the Judicial Council the authority to take certain actions “upon receipt of a report filed under section 353(c).” 28 U.S.C. § 354(a)(1). Section 353(c) in turn is limited to reports made by “[ejach [special] committee appointed under subsection (a).”
In this case there was no special committee appointed by the chief judge. We must, therefore, determine whether we have any authority under the statute. The majority of this Committee concludes that the statute gives the Committee no explicit authority to review the Judicial *109 Council’s order affirming the chief judge’s dismissal of the complaint. We believe it inappropriate to find that we have implicit authority. In cases that do not involve the appointment of a special investigating committee, it appears that Congress gave the Judicial Council final review authority by providing in § 352(c) that “[a] complainant or judge aggrieved by a final order of the chief judge under this section may petition the judicial council of the circuit for review thereof.” Further, § 352(c) provides that “the denial of a petition for review of the chief judge’s order shall be final and conclusive and shall not be judicially renewable on appeal or otherwise.”
Admittedly, under the statutory scheme as the majority reads it, a chief judge may avoid review by the Judicial Conference (and by definition our committee) by the simple expedient of failing to appoint a special committee under § 353 and instead dismissing a complaint under § 352(b). This may not be as serious a gap as appears in the first instance because the statute places the responsibility of reviewing orders of the chief judge squarely on the Judicial Council. If the chief judge (as happened in the matter before us) enters an order dismissing the complaint under § 352(b)(2) after concluding that there are no factual allegations reasonably in dispute and that there is a legitimate basis for the judge’s actions sufficient to preclude a finding of misconduct, then final review is left to the Judicial Council. The Judicial Council of the Ninth Circuit exercised its authority in a deliberative manner in the matter before us. It directed questions to the District Judge as to his explanation for his actions. It also directed the Assistant Circuit Executive to make further inquiry on its behalf.
The Judicial Council issued an order vacating the chief judge’s dismissal order and remanded the matter to the chief judge for further proceedings consistent with its order. The chief judge directed that further inquiry be conducted and thereafter issued a supplemental order dismissing the complaint. The Judicial Council then entered an order affirming the order of the chief judge. Three members of the Judicial Council dissented.
We therefore conclude that under the scheme of the statute, this Committee has no jurisdiction to review a judicial council’s order if the chief judge has not appointed a special committee under 28 U.S.C. § 353. Although we believe there is much to commend in the opinion of our dissenting member, we believe that additional legislation expanding the scope of the Conference’s (and, by delegation, this Committee’s) jurisdiction is necessary before we may review the Judicial Council’s order affirming the chief judge’s dismissal of the complaint. Therefore, we do not comment on the merits of the matter.
Dissenting Statement of the Honorable Ralph K. Winter, United States Circuit Judge, with whom the Hon. Carolyn R. Dimmick joins.
This petition for review of the dismissal of a judicial misconduct complaint has been considered twice by the Chief Circuit Judge of the Ninth Circuit Court of Appeals and twice by the Ninth Circuit Judicial Council. In its final decision, the Judicial Council affirmed the Chief Circuit Judge’s dismissal of the complaint, In re Complaint of Judicial Misconduct, 425 F.3d 1179, 1182 (9th Cir.2005), although several members of the Council dissented, e.g., id. at 1183 (Kozinski, J., dissenting); id. at 1202 (Winmill, J., dissenting). My colleagues conclude that the Judicial Conference — and by delegation this Committee, see In re Complaint of Judicial Misconduct, 37 F.3d 1511, 1511-12 (U.S.Jud. *110 Conf.1994) — has no statutory jurisdiction to entertain the petition. Respectfully, I cannot agree.
Two key aspects of this proceeding are effectively indisputable. First, the record would support a finding of misconduct in the form of an ex parte contact resulting in a judicial ruling. Second, the mandatory statutory procedures regarding judicial misconduct petitions were not followed by either the Chief Circuit Judge or the Judicial Council of the Ninth Circuit.
As it comes before us and briefly stated, a debtor in bankruptcy was on probation as a result of a criminal proceeding against her. The District Judge who had sentenced the debtor was personally supervising her probation — as is his practice with all probationers. Without notice to any of the other parties to the bankruptcy proceeding, the District Judge withdrew the reference of that proceeding (not previously assigned to the District Judge) and entered an order staying a state court eviction proceeding brought by the debtor’s landlord.
The debtor’s own lawyer has stated that his secretary wrote a letter to the District Judge in the debtor’s name, that the debt- or personally delivered it to the District Judge and had a brief discussion with him, and that the debtor later reported that the letter had “worked.”
More importantly, the District Judge told the Judicial Council only a slightly different story. He stated that he had a conversation with the debtor and learned of a state court eviction proceeding in which she was involved, and as to which the automatic bankruptcy stay had been lifted by the bankruptcy court. On the basis of that conversation, he concluded that her legal representation in the state proceeding had been inadequate and withdrew the reference and reimposed the stay. None of the parties to the bankruptcy proceeding or their counsel had any notice of, or participated in, the conversation. The District Judge’s best recollection was that this conversation occurred at a scheduled meeting with the debtor involving her probation.
The statutory scheme clearly requires that, in all misconduct proceedings that are non-frivolous and involve uncorrected conduct, the chief circuit judge shall appoint a special committee to investigate and report to the Judicial Council on the matter. 28 U.S.C. § 353(a). The Judicial Council may then take action as it sees fit, id. § 354, and aggrieved parties may seek review in the Judicial Conference, id. § 357(a), which has delegated its power in that regard to this Committee, see In re Complaint of Judicial Misconduct, 37 F.3d at 1511-12.
No special committee was ever appointed to investigate the present complaint. Instead, the Chief Circuit Judge used a summary procedure limited by statute to cases where the complaint is frivolous on its face, no material facts are in dispute, or corrective action has been taken. See 28 U.S.C. § 352. When following this procedural route, the Chief Circuit Judge is expressly forbidden by the statute from making “findings of fact about any matter that is reasonably in dispute.” Id. § 352(a)(2). Nevertheless, she concluded that no letter was received by the District Judge from the debtor, and, without mentioning the District Judge’s own admissions, that no ex parte conduct had occurred. The Judicial Council stated that it would not “upset that factual finding.” In re Complaint of Judicial Misconduct, 425 F.3d at 1181. The Council also found that corrective action had been taken because the District Judge, who denied that any conversation with the probationer constituted an ex parte contact, acknowledged *111 that he would explain his actions better in the future. Id. at 1181-82.
Unlike misconduct complaints subject to the special committee procedure, the statute contains no provision for review by the Conference involving complaints that are subject to the summary procedure. My colleagues conclude that because the Chief Circuit Judge never appointed a special committee, the Conference has no jurisdiction to entertain the petition for review.
In my view, we have authority to review whether a misconduct complaint requires appointment of a special committee or whether it may be disposed of by what was intended as a summary procedure. I therefore believe that we have jurisdiction to review whether this matter was of a kind that Congress intended to be subject to review by the Conference.
First, the jurisdiction of appellate tribunals is not determined by the whim of the subordinate tribunals whose decisions are to be reviewed. Yet that is the result here: because the Chief Circuit Judge did not appoint a special committee, the Committee concludes that the Conference has no jurisdiction. In short, because the statutorily required procedures were not followed, there is no review. Second, if a non-frivolous misconduct proceeding may be disposed of through the summary procedure, then all assurance that uniform rules of procedure or conduct will be followed in such proceedings will be lost because review at the national level will be random. Third, there cannot be public confidence in a self-regulatory misconduct procedure that allows those closest to an accused colleague to dismiss a complaint by actions that ignore statutory procedures and simultaneously render the tribunal of final review impotent.
The details of my reasoning follow.
I. The Statutory Scheme
Under the governing statute, any person may file a written complaint with the clerk of the relevant court of appeals claiming that a judge has engaged in “conduct prejudicial to the effective and expeditious administration of the business of the courts.” 28 U.S.C. § 351(a). The clerk transmits the complaint to the chief circuit judge. Id. § 351(c).
The statute then distinguishes between complaints that may be dismissed summarily and those that raise genuine issues. As to the former, after “expeditiously reviewing a complaint,” the chief circuit judge may dismiss the complaint if it fails to conform with the requirements for submitting a complaint, is directly related to the merits of a decision or procedural ruling, or is frivolous. Id. § 352(b)(1). A frivolous claim is one that lacks sufficient evidence to raise an inference that misconduct had occurred or contains allegations that are incapable of being established through investigation. Id. § 352(b)(1)(A)(iii). The chief circuit judge may also dismiss the complaint without further action “when a limited inquiry ... demonstrates that the allegations in the complaint lack any factual foundation or are conclusively refuted by objective evidence.” Id. § 352(b)(1)(B). In that “limited inquiry,” the chief circuit judge “shall not undertake to make findings of fact about any matter that is reasonably in dispute.” Id. § 352(a). The chief circuit judge may also “conclude” the proceeding if “appropriate corrective action has been taken” or if intervening events have rendered action on the complaint unnecessary. Id. § 352(b)(2).
Any person aggrieved by a Section 352 order of the chief circuit judge may petition the circuit judicial council, or a panel thereof, for review of the order. Id. § 352(c). If the petition for review is un *112 successful, no further review is available. “[D]enial of a petition for review of the chief judge’s order shall be final and conclusive and shall not be judicially renewable on appeal or otherwise.” Id. § 352(c).
The statute provides a different procedure for complaints that raise a genuine dispute about whether misconduct occurred. If the chief circuit judge may not validly dismiss the complaint or conclude the proceeding under Section 352, “the chief judge shall promptly ... appoint himself or herself and equal numbers of circuit and district judges of the circuit to a special committee to investigate the facts and allegations contained in the complaint” and certify the complaint to that committee. Id. § 353(a)(l)-(2). The chief circuit judge must also notify the judge whose conduct is the subject of the complaint. Id. § 353(a)(3). The special committee “shall conduct an investigation as extensive as it considers necessary, and shall expeditiously file a comprehensive written report thereon with the judicial council of the circuit.” Id. § 353(c).
Upon receiving the special committee’s report, the judicial council may conduct additional investigation as necessary. Id. § 354(a)(1)(A). The council may dismiss the complaint, but, if it does not, “shall take such action as is appropriate to ensure the effective and expeditious administration of the business of the courts within the circuit.” Id. § 354(a)(l)(B)-(C). Any complainant or judge aggrieved by an action of the judicial council under Section 354 may petition the Judicial Conference of the United States for review. Id. § 357(a). As noted, “[t]he Judicial Conference has established this committee to be the standing committee authorized to act for the Judicial Conference under § 331 in proceedings of this kind.” In re Complaint of Judicial Misconduct, 37 F.3d at 1511-12.
Other than review of Section 352 orders by the judicial council and review of Section 354 proceedings by the Judicial Conference, “all orders and determinations, including denials of petitions for review, shall be final and conclusive and shall not be judicially renewable on appeal or otherwise.” 28 U.S.C. § 357(c). Therefore, this Committee has jurisdiction to hear a petition for review in a complaint arising out of a proceeding under Sections 353 and 354, but not a complaint arising out of a proceeding under Section 352.
II. The Judicial Misconduct Proceeding
On February 21, 2003, Stephen Yagman, a California lawyer, filed a judicial misconduct complaint against the District Judge. The complaint alleged a series of unusual, even extraordinary, events. A criminal defendant (hereafter “debtor”) sentenced to probation had been ordered to report, with her probation officer, directly to the District Judge. This is the ordinary course followed by this District Judge in probation cases. The debtor had been facing eviction and filed a bankruptcy petition that stayed the eviction proceedings. When the stay was lifted by the bankruptcy court, the debtor agreed to vacate the premises in question. Ten days after this agreement, the District Judge, who had no assignment regarding the bankruptcy action, withdrew the debtor’s case from the bankruptcy court and shortly thereafter reimposed the stay, allowing the debtor to live rent-free in the apartment for about twenty-two months. Those actions were taken without notice — other than entry of the orders themselves — to the other parties to the bankruptcy proceeding. The District Judge entered no findings of fact or explanation of his orders withdrawing the case and staying the eviction proceedings. Later, the Court of Appeals issued a writ of mandamus in a strongly worded *113 opinion and remanded the matter directly to the bankruptcy court. In re Canter, 299 F.3d 1150 (9th Cir.2002).
The record of the bankruptcy proceeding was bereft of any hint of how the District Judge learned of its existence, the existence of the eviction proceedings, or the lifting of the stay on those proceedings. Yagman’s judicial misconduct complaint stated that these facts on their face suggested that “something inappropriate” had happened and asked for an investigation into the relationship between the debtor and the District Judge.
The Chief Circuit Judge dismissed the complaint on the grounds that it (i) was frivolous because it lacked a verifiable factual foundation and (ii) was directly related to the merits of the underlying judicial decision. In re Charge of Judicial Misconduct, No. 03-89037, Order of the Chief Judge at 2-3 (9th Cir. Jud. Council July 14, 2003).
The Chief Circuit Judge’s inquiry appears to have been limited to whether the District Judge did order some, if not all, probationers to report directly to him. Id. at 1-2. No inquiry appears to have been made into how or why the District Judge, without any record contact with, or knowledge of, a garden-variety bankruptcy case, ordered its withdrawal and immediately imposed a stay on state court eviction proceedings without notice to or hearing from the lawyers in the bankruptcy case. Id.
Yagman then petitioned the Ninth Circuit Judicial Council for review. The Council proceeded to conduct its own investigation into the circumstances surrounding the complaint.
Circuit staff spoke to the debtor’s bankruptcy attorney who said that his secretary “ ‘ghostwr[o]te’ a letter for [the debt- or]” to the District Judge. As summarized by the circuit staff, “[the debtor] delivered the letter to [the district judge] personally and had some brief discussion with him.” The secretary said that the letter was delivered “a day or two” before the withdrawal of the bankruptcy reference and that the debtor reported that the letter had “worked.”
The Judicial Council also inquired of the District Judge as to the circumstances surrounding his withdrawal of the bankruptcy reference and imposition of the stay. He answered:
There is no wheel for the purpose of withdrawing the reference in a bankruptcy matter. I felt it was related to my program of working with probationers to help their rehabilitation. I have been doing this for more than 25 years and have been told by the Probation Officer that it is a successful program. In this case a person who was a probationer in a criminal case informed me that the home in which she and her husband were living at the time of their divorce had been given to them by her husband’s parents. She was still living in the house with her 8 year old daughter and was in divorce proceedings. She was contesting her right to occupancy in the divorce court and I felt it should be finalized there so I re-imposed the stay to allow the state matrimonial court to deal with her claim. From her explanation of the proceedings in the state court it appeared to me that her counsel had abandoned her interest so it could not be adequately presented to the state court. Counsel for her husband had asked the Probation Officer to release [the debt- or’s] probation report so it would be used in the divorce proceedings. I denied that request upon the recommendation of the Probation Officer.
This statement was, of course, a flat-out admission of having taken judicial action in a case based entirely on a contact with one *114 party to the case and no notice to other parties.
The Judicial Council, based on this evidence, concluded “that the Chief Judge erred in dismissing the complaint as frivolous or unsubstantiated; it is plainly neither.” In re Complaint of Judicial Misconduct, No. 03-89037, Order at 6 (9th Cir. Jud. Council Dec. 18, 2003). In doing so, the Council explicitly noted that the District Judge himself “eonfirm[ed] what [the] complainant alleges and the evidence suggests: The district judge withdrew the reference in a bankruptcy case that was not previously assigned to him, and entered an order in that case based upon information he obtained ex parte from an individual who benefitted directly from that order.” Id. at 4-5.
Upon the return of the case to the Chief Circuit Judge, a lawyer filed a brief on behalf of the District Judge. It criticized the Judicial Council for having conducted its own investigation that led to the evidence of an ex parte contact, i.e., the statement of the debtor’s lawyer and the statement of the District Judge himself. Interestingly, the brief noted that investigations — and the expansion of investigations — are the province of special committees appointed pursuant to Section 353. It also argued that there was no evidence before the Council of an ex parte contact.
The District Judge’s brief did not mention his own statement to the Council that he had a conversation with the debtor about her housing arrangements, withdrew the bankruptcy reference, and stayed the state eviction proceeding because he deemed her legal representation in that proceeding to be deficient. Rather, the brief asserted that the reason for withdrawing the reference was to prevent disclosure of the debtor’s confidential pre-sentence report.
A new statement by the District Judge was included. It said that his recollection of conversations at probation meetings with the debtor was consistent with that of the probation officer who recalled the debtor complaining that her confidential pre-sentence report had been entered in the probation hearing. The District Judge’s statement also denied receipt of a letter. The District Judge made no mention of his earlier detailed statement regarding his reasons for imposing the stay on the eviction proceedings. The debtor also gave a statement that denied the existence or delivery of a letter to the District Judge.
The brief further argued that a scheduled probation meeting between a judge and a probationer with a probation officer present is never an ex parte contact.
The Chief Circuit Judge again dismissed the complaint. In re Charge of Judicial Misconduct, No. 03-89037, Supplemental Order of the Chief Judge (9th Cir. Jud. Council Nov. 4, 2004). She found that the Council’s concerns about an ex parte contact were unjustified in light of the District Judge’s and debtor’s denials about the letter. Id. at 5. The Chief Circuit Judge concluded that the withdrawal of the bankruptcy reference was due to concerns over the distribution of the pre-sentence report. Id. at 5-6. No explanation of the lifting of the stay on the state court eviction proceeding was offered. No mention of the District Judge’s own earlier explanation for the stay was given.
A majority of the Ninth Circuit Judicial Council agreed and dismissed the petition for review. In re Complaint of Judicial Misconduct, 425 F.3d 1179 (9th Cir.2005). They stated that they would “not upset [the Chief Circuit Judge’s] factual finding” that there was no ex parte contact. Id. at 1181. Again, the District Judge’s own account of a conversation with the debtor *115 was not mentioned. The majority of the Council also found that the corrective action had been taken in that the District Judge had stated that he saw the error he had made in not explaining his actions more carefully. Id. at 1181-82.
III. The Conference’s Jurisdiction
There can be no question that the Chief Circuit Judge — and the Council in not correcting her error — did not follow the statute when the Chief Circuit Judge failed to appoint a special committee under Section 353. When issues are reasonably in dispute, such an appointment is mandatory, see 28 U.S.C. §§ 352-353, and there are at least two such issues in this case.
The first disputed issue relates to the circumstances of the contacts between the debtor and the District Judge. This involves not only the letter described by the debtor’s lawyer but also the District Judge’s own statement to the Council. In that, the District Judge himself stated that, based on a conversation that was not shared with other parties to the bankruptcy proceeding, he withdrew the bankruptcy reference and stayed the state court eviction because he deemed the debtor’s representation in the state court to be deficient. On the second go-around, both the Chief Circuit Judge and the Council majority avoided the issues raised by this statement by not mentioning it.
The second disputed issue arises from the brief filed on the District Judge’s behalf. It argued that a regularly scheduled meeting between a judge and a probationer is not an improper ex parte contact even though a separate legal action is discussed in the absence of other parties to that action. As to this issue, neither the Chief Circuit Judge nor the Council expressed an opinion, a result consistent with not mentioning the District Judge’s own statement. In doing so, however, they implied that the District Judge’s statement was irrelevant because such contact is not improper.
The absence of a special committee has left the record in this matter something of a black box. My colleagues determine that the Conference lacks jurisdiction because a special committee was never appointed. However, there can hardly be a dispute regarding whether such a committee was required. The claim of impropriety in the District Judge’s withdrawal of the bankruptcy reference and stay of the state court action based on a conversation with one party to the bankruptcy proceeding (witnessed at best only by a probation officer) clearly cannot be described a lacking “any factual foundation or ... conclusively refuted by objective evidence.” 28 U.S.C. § 352(b)(1)(B). Indeed, when the Judicial Council first remanded this to the Chief Circuit Judge, it stated explicitly that the complaint was non-frivolous and substantiated by the District Judge’s own version of events. In re Complaint of Judicial Misconduct, No. 03-89037, Order at 6 (9th Cir. Jud. Council Dec. 18, 2003). This alone was more than sufficient to call for a special committee under Section 353.
Upon the Council’s review of the Chief Circuit Judge’s second dismissal, it declined to “upset [the] factual finding[s],” In re Complaint of Judicial Misconduct, 425 F.3d at 1181, of the Chief Circuit Judge even though she was explicitly barred by statute from making findings of disputed fact, 28 U.S.C. § 352(a)(2). And a claim that judicial action was taken as a result of an ex parte contact is not corrected by a promise to provide better explanations of such actions in the future. I cannot agree that these very errors deprive the Conference of all power to review this proceeding.
First, the labels used by subordinate tribunals do not conclusively determine the *116 jurisdiction of appellate tribunals. In such circumstances, appellate tribunals determine their jurisdiction by looking beyond the form of the proceedings to their substance. See, e.g., Dodge v. Cotter Corp., 328 F.3d 1212, 1221 (10th Cir.2003) (“[I]n considering whether a judgment is ‘final’ under § 1291, the label used to describe the judicial demand is not controlling, meaning we analyze the substance of the district court’s decision, not its label or form.”) (citation and quotation marks omitted); Birmingham Fire Fighters Ass’n 117 v. Jefferson County, 280 F.3d 1289, 1292 (11th Cir.2002) (“[W]e are not governed by the district court’s own characterization of the order as an ‘interpretation’ or ‘clarification,’ as distinguished from a ‘modification.’ ”); LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 64 (2d Cir.1999) (“[A] district court cannot render a non-final judgment final simply by so stating.”); Gautreaux v. Chicago Hous. Auth., 178 F.3d 951, 958 (7th Cir.1999) (“[T]his court must look beyond the ‘injunction’ label of the order to see if jurisdiction is proper [under 28 U.S.C. § 1292(a)].”); Sierra Club v. Marsh, 907 F.2d 210, 213 (1st Cir.1990) (“In appraising whether appellate jurisdiction was triggered pursuant to section 1292(a)(1), we believe we should take a functional approach, looking not to the form of the district court’s order but to its actual effect.”); Spath v. Nat’l Collegiate Athletic Ass’n, 728 F.2d 25, 27 (1st Cir. 1984) (“substance must prevail over nomenclature” in determining appealability); see also 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2962 (2d ed. 1995) (“[A] district court may not avoid immediate review of its determination [under 28 U.S.C. 1292(a)(1) ] simply by failing to characterize or label its decision as one denying or granting injunctive relief.”). That mode of analysis is applicable here.
Second, there is good reason to understand the statute to vest the Conference with jurisdiction to determine whether use of the summary procedure was proper or a special committee was required. Conference review has two purposes, neither of which is needed in frivolous or truly corrected cases. The first purpose is to ensure procedural and substantive regularity in judicial misconduct cases. The second is to ensure that uniform national standards are applied. Denial of review in the present matter thwarts both purposes.
With regard to ensuring procedural and substantive regularity, denial of review means that chief circuit judges and circuit judicial councils are free to disregard statutory requirements. In fact, by disregarding those requirements, they may escape review of their decisions. Were this a case in which a judge had been publicly admonished by a chief circuit judge, upheld by the relevant council, in a Section 352 proceeding, the admonishment under Section 352 would be a clear violation of the statute, and surely the Conference would reasonably believe that it had the power to force resort to the proper statutory procedures. Nevertheless, the Committee’s rationale would preclude review.
With regard to uniform national standards, the majority’s position is seriously flawed at two levels. First, there can now be very different uses of Sections 352 and 353, not only between circuits but also within circuits from one chief circuit judge to the next. Second, denial of review can lead to inconsistent treatment of similar conduct depending on the circuit involved and the procedural course followed by various chief judges and judicial councils. In the present matter, the District Judge has admitted to a conversation with one party to a bankruptcy proceeding in the absence of other parties and to taking actions in the proceedings beneficial to the party to *117 the conversation and detrimental to another. He claims that the conversation was not an improper ex parte contact because it was in the course of a probation supervision. The Chief Circuit Judge and Judicial Council have implicitly agreed. Whether such conduct is improper should be the subject of a national rule, rather than determined circuit by circuit. Again, if a judge had been admonished in a Section 352 proceeding on the basis of conduct found blameless in other circuits, the judge ought to have a right to have his or her conduct reviewed on the basis of consistent national standards. If so, then complainants should have the same right.
Third, review by the Conference adds an important measure of public confidence. The judicial misconduct procedure is a self-regulatory one. It is self-regulatory at the request of the judiciary in a legitimate effort to preserve judicial independence. A self-regulatory procedure suffers from the weakness that many observers will be suspicious that complainants against judges will be disfavored. The Committee’s decision in this case can only fuel such suspicions.
The present matter involves a complaint with factual support including an admission of facts by the District Judge but with a claim of no impropriety. The required statutory procedure was not followed. The complaint was dismissed without any
discussion by the Chief Circuit Judge or the Council majority of the facts admitted by the District Judge accused of an improper ex parte contact. The admitted facts would be regarded by some, if not most, professional observers as establishing just such a contact. The Committee rules that it has no power to review the Council’s decision because the statutory procedures were not followed by the Chief Circuit Judge and Council. The disposition of the present matter is therefore not a confidence builder.
IV. Conclusion
I would hold that: (i) the Conference has the power, delegated to this Committee, to determine whether this proceeding was properly a matter to be disposed of under Section 353 rather than Section 352; (ii) the complaint was improperly disposed of under Section 352; and (iii) the proceeding should be returned to the Judicial Council for the Ninth Circuit with directions to refer it to the Chief Circuit Judge for the appointment of a special committee under Section 353.

. For further background factual information, see In re Canter, 299 F.3d 1150 (9th Cir.2002) (holding that the District Judge abused his discretion in withdrawing the reference and in staying the eviction proceedings against the probationer).