517 F.3d 563 (2008)
COMMITTEE ON JUDICIAL CONDUCT AND DISABILITY
United States Judicial Conference Committee to Review Circuit Council Conduct and Disability Orders.
January 14, 2008.
*564 Hon. RALPH K. WINTER, Chair, Hon. PASCO M. BOWMAN II, Hon. CAROLYN R. DIMMICK,[*] Hon. DOLORES K. SLOVITER and Hon. JOSEPH A. DICLERICO, Jr.

Memorandum of Decision
This Memorandum of Decision addresses two petitions for review of an order of the Judicial Council of the Ninth Circuit. The Committee's review is based on the delegation to it by the Judicial Conference of the United States of the responsibility to consider petitions addressed to the Judicial Conference for review of circuit council actions under 28 U.S.C. § 357(a). Jurisdictional Statement of the Committee on Judicial Conduct and Disability (As approved by the Executive Committee, effective March 12, 2007), available at http:// www.uscourts.gov/judconf_jurisdictions. htm# Disability. See also 28 U.S.C. §§ 331 *565 (authorizing the Judicial Conference to establish a standing committee to review petitions), 357(b) ("The Judicial Conference, or the standing committee established under section 331, may grant a petition filed by a complainant or judge under subsection (a).").
In the order in question, dated November 16, 2006, the Judicial Council of the Ninth Circuit adopted  with minor revisions  the findings of a special investigatory committee and ordered that District Judge Manuel L. Real be publicly reprimanded for his misconduct. The district judge filed a petition for review of the Judicial Council's Order. The complainant also filed a petition for review, arguing that the sanction of a public reprimand was insufficient. For the reasons given below, we approve the Judicial Council's Order, and deny both petitions.

BACKGROUND
We briefly summarize the history of this matter. In February 2003, a misconduct complaint was filed against a United States district judge, alleging, inter alia, that the judge had, based on an ex parte contact, withdrawn the reference of a bankruptcy matter from the bankruptcy court and stayed enforcement of a state unlawful detainer judgment. [Complaint No. 03-89037] The Chief Judge of the Ninth Circuit dismissed the complaint without convening a special committee under Section 353 of the Judicial Conduct and Disability Act to investigate the allegations. The complainant petitioned the Judicial Council for review of this order. On September 10, 2003, the Judicial Council asked the district judge to provide a further explanation of his actions in the matter. The judge responded by letter dated October 9, 2003. Following a limited investigation, a divided Judicial Council vacated the Chief Judge's dismissal and remanded for further specified proceedings.
Upon remand, the district judge filed a lengthy response to the allegations of the complaint and to the order of the Judicial Council. On November 4, 2004, the Chief Judge once again dismissed the misconduct complaint without appointing a special committee. The complainant petitioned the Judicial Council for review, and again the Judicial Council requested additional information from the district judge. The judge responded in a letter dated June 17, 2005. Thereafter, on September 29, 2005, a divided Judicial Council affirmed the Chief Judge's dismissal of the misconduct complaint, holding that a subsequent appellate court ruling  which held that the judge had abused his discretion by withdrawing the reference in the bankruptcy case  coupled with the judge's prediction that such conduct would not recur constituted "appropriate corrective action" in the matter. The complainant petitioned the Judicial Conference for review of this matter, which was referred to this Committee under the delegation described above. A majority of this Committee found that we had no jurisdiction to consider a petition for review of a Chief Judge's dismissal of a complaint when no special investigatory committee had been appointed under Section 353. In re Opinion of Judicial Conference Comm. to Review Circuit Council Conduct & Disability Orders, 449 F.3d 106, 109 (U.S.Jud.Conf. 2006). A minority of this committee believed that we had jurisdiction to review whether a special committee should have been appointed and that a committee was required under the circumstances. Id. at 109-17.
In 2005, the complainant filed a new complaint. He alleged that the district judge had committed misconduct by being disingenuous and misleading in his responses *566 regarding the 2003 Complaint. This time, the Chief Judge of the Ninth Circuit appointed a special committee to investigate the allegations. The special committee subsequently conducted a four-month investigation that necessarily covered much of the alleged misconduct that led to the initial 2003 Complaint. The special committee reported its findings and recommendations to the Judicial Council, which accepted them with minor revisions.
The Judicial Council's Order found that the district judge had committed misconduct by making misleading statements to the Judicial Council itself in his 2003 letter, and by making further misleading statements to the special committee during its investigation. The Judicial Council further found that the judge had committed misconduct by withdrawing the bankruptcy reference and ordering a stay of judgment based on an ex parte contact. The Judicial Council ordered that the judge be publicly reprimanded for this misconduct.
As noted, both the district judge and the complainant have petitioned for review of the Judicial Council's Order. The judge's petition advances the following four arguments: (i) that the 2005 Complaint was effectively an "appeal" of an earlier complaint and was thus barred by 28 U.S.C. § 352(e); (ii) that Judge Kozinski should have been recused by the Judicial Council because of his bias against the subject judge; (iii) that the findings of the special committee, as adopted in the Judicial Council's Order, are overstated and unsupported by the evidence; and (iv) that a public reprimand is too harsh a punishment in light of the humiliation the judge already suffered as a result of the investigation. The complainant's petition argues that a public reprimand is an inadequate sanction.
For reasons discussed below, we find none of these arguments convincing.

DISCUSSION
We assume familiarity with the following orders and reports in this matter: Order and Memorandum of the Judicial Council of the Ninth Circuit, No. 05-89097 (Nov. 16, 2006); and Report to the Judicial Council of the Ninth Circuit from the Committee Convened Pursuant to 28 U.S.C. § 353(a) to Investigate the Allegations of Judicial Misconduct in the Complaints Docketed Under 05-89097 and 04-89039, Pertaining to Complaint 05-89097 (Oct. 10, 2006) (As modified by order of the Judicial Council of the Ninth Circuit for adoption by the Judicial Council).
a) Finality
In his petition, the district judge argues that the 2005 Complaint "encompasses the identical factual allegations that were raised in the [2003 Complaint]." [Real Petition at 6 (emphasis in original).] He therefore suggests that the 2005 Complaint constitutes an "appeal" for "review" of the dismissal of the 2003 Complaint, which is barred by 28 U.S.C. § 352(c) ("The denial of a petition for review of the chief judge's order shall be final and conclusive and shall not be judicially reviewable on appeal or otherwise."). The judge argues that Section 352(c) provides "finality" for the proceedings and bars any "court or reviewing body" from further considering the matters involved in the 2003 Complaint. [Real Petition at 12.]
The 2005 Complaint, however, was not an appeal of the earlier dismissal. Rather, the 2005 Complaint was a new proceeding with new factual allegations, and was thus not barred by Section 352(c).
However, the Judicial Council's Order concluded that the judge had engaged in some of the misconduct alleged in the original 2003 Complaint. The Order did, *567 therefore, involve a reexamination of some factual issues involved in the earlier proceedings. This overlap raises the question of whether reconsideration of these issues triggers a claim preclusion principle analogous to res judicata requiring dismissal of the present proceeding.
If this proceeding was litigation in an adversarial setting in which the need for finality was of great importance, further consideration of the matter might be barred. We cannot, however, ignore the profound differences between this type of proceeding and litigation. This Committee has recognized that, although misconduct proceedings "have an adjudicatory aspect, they also have an administrative and managerial character not present in traditional adjudication by courts." In re Complaints of Judicial Misconduct, 9 F.3d 1562, 1566 (U.S.Jud.Conf.1993). Consequently, before applying the legal doctrine of claim preclusion, we must examine the reasons underlying that doctrine and consider their applicability and relevance to misconduct proceedings.
The doctrine of claim preclusion serves three basic purposes: (i) the need for finality in the settlement of disputes; (ii) the need to conserve judicial resources by avoiding duplicative proceedings; and (iii) the prevention of harassment. See Allan D. Vestal, Res Judieata/Preclusion V-8 to V-12 (1969). These purposes are not served by an application of the doctrine in the present matter.
First, the need for finality has less relevance to the present circumstances than it does to litigation generally. In ordinary litigation, there is not only a strong interest in reaching a correct conclusion, but also an interest in achieving finality so that the parties may obtain repose and their dispute be finally settled. The need for finality arises both from the nature of an adversary system, which requires parties to pursue their own claims as they see fit, and from the negative consequences of allowing a dispute to continue after a decision has been rendered in an initial, full adjudication. Parties to litigation are thus generally not allowed to revive fully adjudicated claims by serially advancing new legal theories not raised in earlier proceedings but involving the same underlying transactions.
By contrast, misconduct proceedings under the Judicial Conduct and Disability Act are adversarial only to the extent that they may be initiated by complaint and usually allow interested parties some opportunity to present their respective view of the events in question. Fundamentally, however, misconduct proceedings are inquisitorial and administrative. Chief circuit judges need not passively await the filing of complaints and then referee a contest between a complainant and a judge, bounded by the four corners of the complaint. Instead, chief circuit judges may "identify" and review complaints themselves. See 28 U.S.C. §§ 351(a)-(b), 352(a). In addition, a complainant who has initiated a complaint does not have the full rights accorded a party to litigation. See 28 U.S.C. § 358(b). Indeed, the Act provides no mechanism for a complainant to withdraw a complaint. Thus, the Illustrative Rules "treat [ ] the complaint proceeding, once begun, as a matter of public business rather than as the property of the complainant. The complainant is denied the unrestricted power to terminate the proceeding by withdrawing the complaint." Commentaiy to Illustrative Rule 19. Furthermore, Illustrative Rule 10(a) allows special committees, on which chief judges sit ex officio, the right to "expand the scope of the investigation to encompass" misconduct that is "beyond the scope of the complaint."
*568 The inquisitorial nature of a misconduct proceeding is the direct result of the Act's adoption of a self-regulatory system in recognition of the need to maintain judicial independence, as opposed to a system in which misconduct complaints are adjudicated by an external tribunal. Under this self-regulatory regime, the responsibility of chief judges, special committees, judicial councils, and the Judicial Conference, must be to vindicate the process rather than adjudicate the rights of parties. Moreover, there cannot be public confidence in a self-regulatory misconduct procedure that, after the discovery of new evidence or a failure to investigate properly or completely serious allegations of misconduct, allows misconduct to go unremedied in the name of preserving the "finality" of an earlier, perhaps misfired, proceeding.
Therefore, any argument that the instant proceeding is barred because it is duplicative of the prior one is unpersuasive, particularly because no special committee investigation was undertaken in the earlier proceedings. We now have what the previous proceeding lacked  a defined record and factual findings based on that record. We thus conclude that neither the letter nor the intent of the Judicial Conduct and Disability Act prevents us from rendering a decision on the merits based upon that record and those findings because of considerations of finality.
As to the second purpose served by the doctrine of claim preclusion, concerns about wasting judicial resources on duplicative proceedings are not weighty in these circumstances. Misuse of the misconduct procedure can be easily prevented. See Illustrative Rule 1(f) ("A complainant who has filed vexatious, repetitive, harassing, or frivolous complaints, or has otherwise abused the complaint procedure, may be restricted from filing further complaints."). There is, therefore, no danger of opening the floodgates to duplicative misconduct proceedings by allowing the present proceeding to continue.
Finally, the risk of harassment is a serious concern in the context of judicial misconduct complaints, but it is not an issue in this case. A judge should not be forced to respond repeatedly to the same charges, with a new special committee appointed each time to review the same evidence. Harassment, however, is not implicated where, as here, no full proceeding by a special committee occurred in the first instance, and some new allegations of cognizable misconduct, supported by new evidence, are presented. When there is a reason for continuing or reinstating a proceeding that is legitimate and not intended to harass or punish, the nature of the administrative, self-regulatory process requires that the new proceeding be completed. This is particularly important where, as here, credible evidence is presented that, the subject judge hindered the original proceeding.
We thus proceed to the district judge's substantive arguments.
b) Recusal of Judge Kozinski
There is no merit in the district judge's argument that Judge Kozinski should have been recused. The district judge has presented no evidence whatsoever of an actual bias or the appearance of bias on Judge Kozinski's part. The fact that Judge Kozinski, as a member of the Judicial Council, took actions in the earlier proceeding with which the district judge disagrees, particularly in concluding in the earlier proceeding that the district judge had entered orders in the bankruptcy case based on ex parte contacts with the debtor, in no way constitutes recusable bias.
*569 c) The Judicial Council's Findings
The Judicial Council, acting on the report of the special committee, made two principal findings: First, that the district judge committed misconduct by making inaccurate and misleading responses to the Judicial Council and special committee; and second, that the judge committed misconduct by withdrawing the bankruptcy reference and staying a judgment in that matter based on personal knowledge and information received ex parte. The district judge challenges both findings as well as the alterations the Judicial Council made to the special committee's report.
Ordinarily, we will defer to the findings of the Judicial Council and the special committee, and will overturn those findings only if, upon examination of the record, they are clearly erroneous. Based op the record before us, we cannot conclude that the factual findings of the special committee as adopted by the Judicial Council, or the committee's interpretation of the evidence before it as adopted by the Council, were clearly erroneous. First, the district judge's versions of relevant events have been incomplete and involved serious, material variations. Second, there is overwhelming evidence that the judge's withdrawal of the reference of the bankruptcy proceeding and stay of a state court proceeding was based on a contact with the debtor, who was a probationer in a separate criminal matter before the judge, and occurred without any notice to other parties to the bankruptcy proceeding. This was judicial action based on an improper ex parte contact, whether or not a probation officer witnessed the contact.
Nor are the minor alterations to the committee report made by the Judicial Council problematic. The alterations are largely semantic, leaving the substantive conclusions of the special committee undisturbed and the recommended sanction unchanged.
d) Public Reprimand
While the Judicial Conference has an obvious interest in avoiding major disparities in sanctions among the various circuits, we will generally defer to a judicial council's judgment with respect to an appropriate sanction so long as the council has fully considered all the relevant options. In this case, the district judge's misconduct was arbitrary and caused significant harm to the bankruptcy litigants. His response to well-founded concerns over judicial actions based on improper ex parte contact has been a persistent denial of any impropriety. The judge's claim that he has been punished enough is not compelling because the lack of any sanction would appear to ratify the judge's view that no serious misconduct occurred. Nor do we agree with the complainant that the gravity of the misconduct requires a harsher sanction. A public reprimand is within the discretion of the Council, was arrived at through a full consideration of the available alternatives, and should not be overturned.

CONCLUSION
For the above reasons, we deny both petitions for review.
NOTES
[*] Judge Dimmick has not participated in this proceeding, having concluded, in her discretion, that the circumstances warranted her disqualification. See Rule 25(a) of the Draft Rules Governing Judicial Conduct and Disability Proceedings Undertaken Pursuant to 28 U.S.C. §§ 351-364, current working draft available at http://www.uscourts.gov/library/ judicialmisconduct/commentonrules.htral.