517 F.3d 558 (2008)
COMMITTEE ON JUDICIAL CONDUCT AND DISABILITY
United States Judicial Conference Committee to Review Circuit Council Conduct and Disability Orders.
January 14, 2008.
Hon. RALPH K. WINTER, Chair, Hon. PASCO M. BOWMAN II, Hon. CAROLYN R. DIMMICK,[*] Hon. DOLORES K. SLOVITER and Hon. JOSEPH A. DICLERICO, Jr.

*559 Memorandum of Decision

INTRODUCTION
This Memorandum of Decision addresses a petition for review of an order of the Judicial Council of the Ninth Circuit. The Committee's review is based on the delegation to it by the Judicial Conference of the United States of the responsibility to consider petitions addressed to the Judicial Conference for review of circuit council actions under 28 U.S.C. § 357(a). Jurisdictional Statement of the Committee on Judicial Conduct and Disability (As approved by the Executive Committee, effective March 12, 2007), available at http:// www.uscourts.gov/judconf_jurisdictions. htm# Disability. See also 28 U.S.C. §§ 331 (authorizing the Judicial Conference to establish a standing committee to review petitions), 357(b) ("The Judicial Conference, or the standing committee established under section 331, may grant a petition filed by a complainant or judge under subsection (a).").
In the order in question, dated March 21, 2007, the Judicial Council adopted the findings and recommendations of a special committee. Based on its investigation and an acknowledgment of the district judge, the committee found that the judge had engaged in a pattern and practice of not providing reasons for his decisions when required to do so and that this pattern and practice was misconduct. It recommended a private reprimand.
In a letter dated March 26, 2007, the original complainant sought review by the Judicial Conference of the Judicial Council's Order, arguing that the sanction of a private reprimand was insufficient. For the reasons stated below, we grant the petition, vacate the Judicial Council's Order, and remand for further consideration.

BACKGROUND
On July 18, 2006, the special committee wrote to the district judge complained against and informed him of the scope of the investigations. The committee interpreted the complaint as alleging that the district judge had engaged in a pattern and practice of abusing his judicial power by (i) refusing to follow, or demonstrating recalcitrance in following, court of appeals orders; (ii) improperly taking jurisdiction of cases; and (iii) failing to follow the law. In addition to four cases cited in the original 2004 Complaint, the committee identified twenty-three additional casescases that had been remanded to the district judge multiple times, or reassigned to a different judge on remandthat it felt might bear on the complaint. On July 25, 2006, the committee advised the district judge that it had identified two additional cases for consideration.
On September 21, 2006, the committee notified the district judge that it had analyzed the twenty-nine cases more thoroughly and refined the issues, reducing the number of cases to be considered to seventeen. The committee informed the district judge that the cases presented the following issues: (i) refusal to follow, or demonstrating recalcitrance in following, court of appeals orders or directives; (ii) improper taking of jurisdiction over cases, or improper treatment of jurisdiction; (iii) failure to provide reasons when required; (iv) improper reliance on ex parte contact; and (v) abuse of authority.
The special committee held a hearing on November 8 and 9, 2006, at which testimony  including testimony by the district judge  was heard, and exhibits were introduced. At the conclusion of the hearing, the committee advised the district judge that it was persuaded that there was no basis for finding judicial misconduct with respect to many aspects of the complaint. *560 The committee, however, also stated that it intended to investigate further whether the district judge had a pattern or practice of "failing to state reasons" when either prevailing law or a direction from the court of appeals in specific cases required him to do so, and whether  if established  such a pattern or practice would constitute judicial misconduct. [Tr. 11/9/06, pp. 92-93.]
Following the hearing, the committee decided to expand the scope of its investigation of the "reasons" issue and identified seventy-two additional cases that appeared to be relevant to the investigations. In a December 18, 2006 letter to the district judge, the committee described the expanded investigation and the additional cases it would be considering.
After sending this letter, the committee entered discussions with the district judge's counsel about "expediting" the investigation. The discussions resulted in the following acknowledgment from the district judge:
I realize that my failure in some cases to adequately state my reasons for my decisions when this is required by either prevailing law or direction from the Court of Appeals causes additional expense and delay to the litigants, and, therefore, is a pattern and practice that the Committee has determined is misconduct because it is prejudicial to the effective and expeditious administration of the business of the courts. I hereby commit to use my best efforts to adequately state reasons when required in the future.[1]
Following this acknowledgment, the committee determined that it was appropriate to treat the expanded investigation as a separate complaint and to address it in a separate report. In that February 14, 2007 report, the committee "decided to accept the district judge's acknowledgment [of misconduct]. Based on that acknowledgment and on its own investigation, the Committee unanimously [found] that the district judge had a pattern and practice of not providing reasons when he was required to do so and that this pattern and practice constitutes misconduct." [Special Committee Report at 7.] The committee unanimously recommended a private reprimand as an appropriate sanction. [Id. at 9.] The committee found that a sanction short of a private reprimand was "not sufficient," because the conduct of the district judge was "manifestly prejudicial to the effective and expeditious administration of the business of the courts, was repeated and continued over a substantial period of time, caused significant harm to litigants, and wasted judicial resources." [Id. at 9-10.] The committee found that a more severe sanction was not warranted "based on the [Judicial Conduct and Disability Act's] non-punitive, corrective purpose, on the Committee's determination that most of the allegations of the 2004 Complaint did not have merit, and on the district judge's acknowledgment of his misconduct . . . and his commitment to correcting that behavior in the future." [Id. at 10.] The Judicial Council's Order adopted the findings and recommendations of the special committee in toto.

DISCUSSION
In a March 26, 2007 letter, the original complainant sought review of the Judicial Council's Order, arguing that the sanction of a private reprimand was insufficient. Because we find that two issues raised by the complaint  explained more fully below *561  require the Judicial Council's Order to be vacated, and the case remanded for further consideration, we grant the petition,
First, we believe that the type of misconduct alleged in the complaint may not be cognizable under the Act and, therefore, requires further examination by the Judicial Council. A complaint alleging only conduct "directly related to the merits of a decision or procedural ruling" does not allege misconduct within the meaning of the Act. 28 U.S.C. § 352(b)(1)(A)(ii). The misconduct procedure is not designed as a substitute for, or supplement to, appeals or motions for reconsideration. Nor is it designed to provide an avenue for collateral attacks or other challenges to judges' rulings. Id.; Implementation of the Judicial Conduct & Disability Act of 1980, A Report to the Chief Justice, 239 F.R.D. 116, 239-40 (Sept.2006) ("Breyer Committee Report").
This principle is of critical importance.[2] The Act is intended to further "the effective and expeditious administration of the business of the courts." It would be entirely contrary to that purpose to use a misconduct proceeding to obtain redress foror even criticism ofthe merits of a decision with which a litigant or misconduct complainant disagrees. Adjudication is a self-contained process governed by extensive statutory provisions and rules of procedure. Inserting misconduct proceedings into this process would cause these provisions and rules to be far less "effective" and "expeditious." Moreover, allowing judicial decisions to be questioned in misconduct proceedings would inevitably begin to affect the nature of those decisions and would raise serious constitutional issues regarding judicial independence under Article III of the Constitution. Judges should render decisions according to their conscientiously held views of prevailing law without fear of provoking a misconduct investigation. Indeed, for these very reasons, judges have absolute immunity from civil liability for their decisions, Pierson v. Ray, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), a principle fully applicable to misconduct proceedings.
The present matter involves a reprimand for decisions rendered without giving a statement of reasons. The failure of a judge to give reasons for a decision is, in our view, a merits issue regarding that decision. The merits of a decision and the reasons given or not given for it are often inseparable. For example, litigants seeking to overturn a decision often argue that the decision violates existing law because inadequate reasons have been given. United States v. Hhiiman, 503 F.3d 212, 213 (2d Cir.2007). If an appellate court finds that claim to be correct, the decision will generally be vacated and the case remanded for further proceedings that may result in a different outcome. Id. at 215. However, it is often the case that even when a statement of reasons is generally required, the reasons for a particular decision are entirely obvious on the record and would not benefit from an explicit recitation by the judge. United States v. Travis, 294 F.3d 837, 841 (7th Cir.2002) ("[W]e shall uphold a sentence imposed with an incomplete statement, provided that a more than adequate foundation in the record supports the district court's findings.") (internal citation and quotation marks omitted). Given this context, the *562 giving or not giving of reasons for a particular decision, like the reasons themselves, should not be the subject of a misconduct proceeding. We have concluded that misconduct complaints regarding the failure to give adequate reasons for a particular decision are, absent more, not cognizable under the Act.
The Judicial Council appears to have recognized this issue by restricting its consideration to whether the district judge had engaged in, and had acknowledged, a "pattern and practice" of not giving reasons for his decisions when required to do so by prevailing law or by the direction of the court of appeals in particular cases.
We agree that a judge's pattern and practice of arbitrarily and deliberately disregarding prevailing legal standards and thereby causing expense and delay to litigants may be misconduct. However, the characterization of such behavior as misconduct is fraught with dangers to judicial independence. Therefore, a cognizable misconduct complaint based on allegations of a judge not following prevailing law or the directions of a court of appeals in particular cases must identify clear and convincing evidence of willfulness, that is, clear and convincing evidence of a judge's arbitrary and intentional departure from prevailing law based on his or her disagreement with, or willful indifference to, that law.
We have concluded that this standard is necessary to ensure that misconduct proceedings do not intrude upon judicial independence by becoming a method of second-guessing judicial decisions. For example, every experienced judge knows of cases where the circumstances justifiably called for a decision that was superficially at odds with precedent. This is because although prevailing legal standards have large areas of clarity, litigation often involves the borders of those areas. Breathing roomsomething more than a comparison of a judge's ruling with a special committee's or judicial council's view of prevailing legal standards  must therefore be afforded. This standard, requiring clear and convincing evidence of an arbitrary and intentional departure from, or willful indifference to prevailing law, provides that breathing room.
In the present case, the Judicial Council made no express finding of willfulness, and the district judge's letter also fails to admit willfulness expressly. Therefore, we conclude that we must return this matter to the Judicial Council of the Ninth Circuit for further consideration of the facts of this case under the above-articulated standard. Great care must be taken in finding clear and convincing evidence of willfulness. To the extent that such a finding is based simply on a large number of cases in which reasons were not given when seemingly required by prevailing law, the conduct must be virtually habitual to support the required finding. However, if the judge has failed to give reasons in particular cases after an appellate remand directing that such reasons be given, a substantial number of such cases may well be sufficient to support such a finding. Hirliman, 503 F.3d at 216-17.
The second issue with which we are concerned is the sanction imposed in this matter. The judge in question has very recently been publicly sanctioned by the same Judicial Council in a decision affirmed by this Committee. In affirming that decision, we noted that the judge had persistently denied an impropriety in the face of overwhelming evidence of an ex parte contact. We find that history to be relevant to the determination of an appropriate sanction. Moreover, the conduct alleged here, if found willful, is very serious indeed. A private reprimand for such conduct in the wake of a previous public remand for other misconduct is not a sanction commensurate with the totality of recent misconduct by this judge. Therefore, if the Council finds willfulness, it should consider a more severe sanction, such as a public censure or reprimand and an order that no further cases be assigned to the judge for a particular period of time.

*563 CONCLUSION
For the reasons discussed above, we grant the petition for review.
NOTES
[*] Judge Dimmick has not participated in this proceeding, having concluded, in her discretion, that the circumstances warranted her disqualification. See Rule 25(a) of the Draft Rules Governing Judicial Conduct and Disability Proceedings Undertaken Pursuant to 28 U.S.C. §§ 351-364, current working draft available at http://www.uscourts.gov/library/ judicialmisconduct/commentonrules.html.
[1] The judge's acknowledgment is not a model of clarity. In particular, it appears to acknowledge only that the special committee has found his pattern and practice of not giving reasons to be misconduct.
[2] This district judge has not petitioned for review and thus has not argued to the Committee the issues discussed. However, given that the misconduct procedure is largely administrative and inquisitorial, the Committee has discretion to follow the mandates of the Act rather than apply ordinary waiver principles.