**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COMPLAINT OF JUDICIAL MISCONDUCT | No. 07-89141 <br> ORDER |

Filed August 27, 2009

## ORDER

KOZINSKI, Chief Judge:

Complainant first presented his claims in a criminal proceeding and two civil cases, wherein the subject district judge presided. Unhappy with the results, complainant filed a motion to disqualify. In fact, he filed five motions to disqualify and two motions to reconsider those motions to disqualify. Complainant was declared a vexatious litigant and made subject to a pre-filing review order. He now brings a misconduct complaint and four supplements, all concerning the same judge.

The judicial misconduct system is emphatically not a forum for disappointed litigants to continue litigation already decided on the merits. *See In re Charge of Judicial Misconduct*, 685 F.2d 1226, 1227 (9th Cir. Jud. Council 1982). Yet complainant repeatedly attacks the subject judge's rulings—just as he did in his previous motions to disqualify. Complainant insists that he refers to the merits only to show the judge's persistent bias, but that is just another way of saying the judge was persistently wrong. These claims must be dismissed. Likewise, complainant's transparent attempt to relitigate his five disqualification motions by challenging the judge's failure to recuse is merits-related and must be dismissed. *See* 28

U.S.C. § 352(b)(1)(A)(ii); Misconduct Rule 4(c)(1); *Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice* 146 (2006).

Complainant's non-merits related claims are either frivolous or unsubstantiated. Complainant alleges that the judge was biased against him and conspired with prosecutors and government officials. This charge must be dismissed because complainant has provided no objectively verifiable proof (e.g. names of witnesses, recorded documents or transcripts) of this allegation. *See* 28 U.S.C. § 352(b)(1)(A)(iii); Misconduct Rule 4(c)(3).

Complainant also alleges that the judge was hostile and derogatory towards him. Once again, this charge must be dismissed because complainant hasn't produced any objectively verifiable proof. *See* 28 U.S.C. § 352(b)(1)(A)(iii); Misconduct Rule 4(c)(3). Complainant did allude to one hearing in particular, but he does not provide a specific date or point to particular passages that would support his claim. An exhaustive (and time-consuming) search through the voluminous record in the underlying case reveals a hearing that is probably the one complainant is referring to. The transcript there indicates that the judge, while frustrated by the tactics of both parties, remained professional and did not exhibit bias. Allegedly improper statements quoted by complainant were, in context, completely benign.

Complainant's additional allegations are similarly unavailing. Complainant claims that the judge unduly delayed ruling on a motion, but delay is only a proper subject for a misconduct complaint in unusual circumstances, such as "where the delay is habitual, is improperly motivated or is the product of improper animus or prejudice toward a particular litigant, or, possibly, where the delay is of such an extraordinary or egregious character as to constitute a clear dereliction of judicial responsibilities." *See* Commentary on Misconduct Rule 1. This is not such a case.

Complainant also argues the judge should not have conducted a scheduled contempt hearing after complainant filed a motion to disqualify earlier that day. The judge quite properly did not issue a contempt order until the motion was resolved. Holding the hearing was not "prejudicial to the effective and expeditious administration of the business of the courts." 28 U.S.C. § 351(a); Misconduct Rule 4(c)(2)(A).

Finally, complainant makes allegations against federal officers, prosecutors and court staff. Because this complaint procedure applies only to federal judges, these charges are dismissed. *See* Misconduct Rule 1(d).

Sanctions will seldom be considered after a single misconduct complaint by someone who is not a lawyer, but this is not an ordinary complaint. Complainant appears to be using the judicial disqualification and judicial complaint processes as a means for achieving litigation objectives that he was unable to achieve on the merits. In light of complainant's repeated and vexatious use of judicial procedures to pursue unsubstantiated, frivolous, and already-litigated claims, and the fact that complainant has already been declared a vexatious litigant, complainant is ordered to show cause why he should not be subject to a $1000 fine and an order requiring him to obtain leave before filing any further misconduct complaints. *See In re Complaint of Judicial Misconduct*, 552 F.3d 1146, 1148 (9th Cir. Jud. Council 2009). Complainant has thirty days from the filing of this order to file a response, which will be transmitted to the Judicial Council for its consideration.

**DISMISSED and COMPLAINANT ORDERED TO SHOW CAUSE.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.