640 F.3d 354 (2010)
In re COMPLAINT OF JUDICIAL MISCONDUCT.
No. 10-01.
U.S. Judicial Conference Committee on Judicial Conduct and Disability.
April 12, 2010.
Present: Judges JOHN M. WALKER, JR., Chair, JOSEPH A. DiCLERICO, DAVID M. EBEL, JAMES E. GRITZNER, THOMAS F. HOGAN, EUGENE E. SILER, JR., DOLORES K. SLOVITER.

MEMORANDUM OF DECISION
This matter is before the Judicial Conduct and Disability Committee on the complainant's petition for review of a November 10, 2008, order of the Ninth Circuit Judicial Council dismissing two complaints, 07-89020 and 07-89000, filed under the Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364. Complaint 07-89020 alleges that District Judge Manuel L. Real[1] committed misconduct by failing in a number of instances to provide reasons for his judicial rulings. Complaint 07-89000 alleges that, in a single civil case, Judge Real committed misconduct by disobeying an appellate mandate. This is the complainant's second petition for review as *355 to complaint 07-89020. See 28 U.S.C. § 357(a) and Rule 21(b)(1)(A), Rules for Judicial-Conduct and Judicial-Disability Proceedings, 248 F.R.D. 674 (U.S.Jud. Conf.2008). In In re Memorandum of Decision, 517 F.3d 558, 559-560 (U.S.Jud. Conf. January 14, 2008), we vacated an earlier Council order on that complaint and remanded the matter to the Council. On remand, the Council reassigned the complaint to the special committee that had originally examined it, and assigned complaint 07-89000 to the same body. The special committee recommended that both complaints be dismissed, and the Council, in the order here at issue, adopted that recommendation. We approve the Council's order.
Earlier developments regarding complaint 07-89020 are chronicled in detail in Memorandum of Decision, 517 F.3d at 558-562, and are here summarized only as relevant to our disposition of the present petition. In its original investigation of the complaint, the special committee recommended a finding of misconduct and a private reprimand. The Ninth Circuit Judicial Council concurred, and its March 2007 order imposing that sanction became the subject of the complainant's first petition for review. Although the first petition argued that misconduct had been rightly found (albeit deficiently sanctioned), we concluded that a failure by a judge to state reasons for the judge's judicial decisions could be misconduct only if the failure was wilfula finding not evident from the Council's order. Id. at 562. Remanding, we apprised the Council that a finding of wilfulness would require "clear and convincing evidence of a judge's arbitrary and intentional departure from prevailing law based on his or her disagreement with, or wilful indifference to, that law." Id. We further explained as follows:
To the extent that such a finding is based simply on a large number of cases in which reasons were not given when seemingly required by prevailing law, the conduct must be virtually habitual to support the required finding. However, if the judge has failed to give reasons in particular cases after an appellate remand directing that such reasons be given, a substantial number of such cases may well be sufficient to support such a finding.
517 F.3d at 562 (citation omitted).
On remand, the special committee filed a new report in which it applied the wilfulness standard we had set forth in the remand order. Although the special committee expressed concern about the conduct at issue, it found that the record as to each complaint did not offer clear and convincing evidence of misconduct. Special Committee Report at 39. As to complaint 07-89020, the special committee found no single instance in which Judge Real's failure to state reasons was wilful within the meaning of our instructions. Id. at 12-35. In addition, it found neither (1) a "virtually habitual" failure to give reasons, nor (2) a "substantial" number of cases in which such failure occurred after a remand that had, in the same or a similar case, directed Judge Real to give reasons. Id. at 23-25. Regarding the case at issue in complaint 07-89000, the special committee found no failure to state reasons and no other judicial misconduct. Id. at 36.
Adopting the special committee's findings and report, the Judicial Council dismissed the complaints. Order at 2. Like the special committee, however, the Council expressed concern about the conduct in question. The Council was "troubled by the District Judge's failure in many cases to give reasons for his rulings where the law requires that reasons be given, and by the District Judge's obduracy in implementing many directives from the appellate *356 court." Id. at 3. That such conduct "was not found to be `virtually habitual' or. . . found in a `substantial number' of similar cases," the Council concluded, "in no way lessens the importance of and the need to give reasons for a decision when required by law." Id.
In his petition challenging the Judicial Council's order, the complainant argues that the Council's application of the terms "substantial" and "habitual" was misguided. He contends, in substance, that the special committee's case-by-case analysis of the record should be disregarded in favor of his own characterizationsfor example, that "[t]he enormous number of cases in which the Judge refused to give reasons . . . is proof of misconduct, and the misconduct is habitual." Also, he asserts that the Council improperly limited the types of failure-to-give-reasons cases that could, if "substantial" in number, establish wilfulness.

DISCUSSION
In reviewing the actions of the Judicial Council, we defer to its findings, overturning them only if they are clearly erroneous. In re Memorandum of Decision, 517 F.3d 563, 569 (U.S.Jud.Conf. January 14, 2008). Having reviewed the record and considered the petition, we discern no clear error in the Council's factual findings on remand, and no error in the Council's application of the standard set forth in our previous order. In contrast to the complainant's bare assertions, the special committee made an individualized assessment of 38 cases[2] in which Judge Real arguably had failed to give reasons for his judicial acts. Special Committee Report at 13. In each instance it examined Judge Real's order or opinion, along with any context of which he would have been aware, for clear and convincing evidence of a failure that meets our test of wilfulness. The special committee considered not only whether Judge Real had failed to provide reasons, but also whether this failure reflected an arbitrary and deliberate disregard of a requirement rooted in either an appellate mandate or prevailing legal standards. Id. at 12-36. And, far from narrowing the range of failure-to-give-reasons cases actionable in "substantial number," the special committee construed this category as broadly as our instructions would allow, assessing not only whether a failure to give reasons occurred in a case that had been remanded for that purpose, but also whether one occurred in later cases of the same type as such a case. Id. at 7.
In applying our standard to the matters it had previously screened for misconduct, the special committee employed, in essence, three exclusionary criteria: (1) a statement of reasons that is present but inadequate will not, without more, trigger a finding of misconduct for failure to give reasons, id. at 19, 28; (2) no finding of misconduct can be made if the prevailing legal standard or appellate directive does not articulate a statement-of-reasons requirement clearly and unambiguously, id. *357 at 17, 26; and (3) even where a failure to give reasons is found, it cannot be considered wilful if a justification for the judge's action is discernible in the record, "thus suggesting that [the judge] likely assumed that [the judge's] reason was sufficiently understood by the parties," id. at 23. These criteria, we find, comport with our guidance that evidence of wilfulness must be clear and convincing, and that "great care" must be taken in finding it. See Memorandum of Decision, 517 F.3d at 562.
The special committee identified eight criminal cases, spanning twenty years, in which Judge Real failed to give reasons where they were required to be given. It determined that these failures did not individually reflect wilfulness because, in each case, a justification for the judge's action could be discerned in the record. To be sure, the special committee deemed the failures "clearly in violation of an established requirement" and thus "arguably deliberate and arbitrary." Id. at 22-24. It concluded, however, that eight criminal cases over a twenty-year period do not amount to "a `substantial number'" warranting a finding of misconduct. Id. The special committee next found that four civil cases it had identified were too few to be "substantial" in number, id. at 24-25, and were each distinguished by either a statement of reasons (albeit an insufficient one) or the absence of a clear requirement that reasons be given. Id. at 24-34. In sum, then, the special committeeand, likewise, the Councilfound no misconduct as to either complaint 07-89020 or 07-89000. Order at 3.
The careful analysis embodied in both the Council order and the special committee report was faithful to our instructions on remand. Approving the Council's order as to both complaints, we deny the petition. Yet we share the Council's concerns about the conduct at issue. We, too, are troubled by the instances in which Judge Real failed to give reasons where the law requires that they be given, and in which he acted obdurately regarding appellate directives. The Council, unable to find wilfulness as to any one of those instances, rightly proceeded to assess whether wilfulness was inferable from a pattern of them. But if Judge Real were to continue such conduct, a future Council would no longer need to seek a pattern: this Memorandum of Decision places Judge Real on notice that a judge must state reasons for any judicial decision for which the law requires the giving of reasons.[3] In view of this notice, any future instance in which Judge Real fails to give reasons as required by law may be "clear and convincing evidence" of his "arbitrary and intentional departure from prevailing law based on his. . . disagreement with, or wilful indifference to, that law." See Memorandum of Decision, 517 F.3d at 562.

CONCLUSION
For the reasons set forth above, we deny the petition for review.
NOTES
[1] In its November 10, 2008, order, the Judicial Council determined, under its former rules, that it would disclose the subject judge's name "provided that the . . . Judge consents." On December 12, 2008, it proceeded with that disclosure, inserting Judge Real's name in the order.
[2] The complainant submitted with his petition for review a Ninth Circuit order issued after his complaints were dismissed. Although this order was not presented "in the course of the proceeding before the judicial council or its special committee" and for that reason need not be considered by this Committee, see Rule 22(b), we will exercise our discretion to take notice of it because it is a reported court decision of which we could take independent notice. The order in question vacated a sentence imposed by Judge Real and remanded the case for resentencing by a different judge. United States v. Murillo, 548 F.3d 1256 (9th Cir.2008). It contains nothing that would alter the outcome of our review, and we find no "extraordinary circumstances" that would allow us to conduct our own investigation in this matter. See Rule 21(d).
[3] Judge Real demonstrated that he knew of this concern when, in a February 8, 2007 letter to the special committee's presiding officer, he pledged to use his best efforts to state reasons when required to do so. See Special Committee Report at 4-5. No such efforts were evident, however, in an order he issued several months later, in which he refused to certify a settlement class. That order, the Ninth Circuit found, offered "almost no analysis" and thus was unentitled to "the traditional deference given to class certification decisions." Narouz v. Charter Communications, LLC, 591 F.3d 1261, 1266-67 (9th Cir. 2010). The court ordered the case reassigned on remand to a different judge.