**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COMPLAINT OF JUDICIAL MISCONDUCT | No. 09-90124 |
| | ORDER |

Filed May 21, 2010

---

**ORDER**

KOZINSKI, Chief Judge:

Complainant argues that the subject judge, who was assigned to his criminal case, was biased against him because the judge had been the victim of a "crime . . . nearly identical to those charged in [complainant's] case." Complainant filed a motion for recusal in his criminal case that was referred to another judge, who found no evidence of prejudice and denied the motion.

Complainant now files a misconduct complaint against the subject judge. Complainant alleges that the subject judge committed misconduct by failing to disqualify himself from complainant's case because of the past crime ("recusal claim") and was prejudiced against complainant because of the past crime ("prejudice claim"). Complainant presents no facts or evidence in support of his misconduct complaint that he did not present in his recusal motion.

A misconduct complaint is not a proper vehicle for challenging the merits of a judge's rulings. *See* 28 U.S.C. § 352(b)(1)(A)(ii); Judicial-Conduct Rule 11(c)(1)(B). Complainant's recusal claim is easily dismissed as merits related. *See* Judicial-Conduct Rule 3(h)(3)(A). "[A]lleg[ations] that

the judge should have recused himself . . . relate[ ] directly to the merits of the judge's rulings and must be dismissed." *In re Complaint of Judicial Misconduct*, 570 F.3d 1144, 1144 (9th Cir. Jud. Council 2009). A failure to recuse may constitute misconduct only if the judge failed to recuse for an improper purpose. *Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice* 146 (2006) ("Judicial Conduct Report"); *see also In re Cudahy*, 294 F.3d 947, 953 (7th Cir. Jud. Council 2002) ("[A]n erroneous failure to recuse oneself from considering a particular matter is a legal error rather than judicial misconduct."). Complainant doesn't present any evidence that the subject judge failed to recuse for an illicit reason; he simply disagrees with it. Such disagreement must be taken up, if at all, by way of an appeal.

Complainant's prejudice claim, while obviously related to the recusal claim, is distinct. Allegations of prejudice are the bread-and-butter of misconduct complaints and aren't normally dismissed as merits related. *See* Commentary to Judicial Conduct Rule 3 ("An allegation that a judge ruled against the complainant because the complainant is a member of a particular racial or ethnic group . . . is also not merits-related.") This is true even though the alleged bias could have justified a motion to recuse. *See* 28 U.S.C. § 455(b)(1) (judge is disqualified "[w]here he has a personal bias or prejudice concerning a party"). For example, a litigant who believes a judge is racially prejudiced against him could file a motion to recuse in the underlying case. More often than not, however, misconduct complainants allege prejudice without having filed a motion to recuse. In such cases, we address the substance of complainant's allegations of prejudice. *See, e.g.*, *In re Complaint of Judicial Misconduct*, 583 F.3d 598, 598 (9th Cir. Jud. Council 2009).

Here, complainant *did* file a motion to recuse based on the same facts supporting his prejudice claim, and that motion was considered and denied by an independent judge who

found no evidence of prejudice. "[T]he complaint procedure cannot be a means for collateral attack on the substance of [this] ruling." *Judicial Conduct Report* at 145. "The judicial misconduct system is emphatically not a forum for disappointed litigants to continue litigation already decided on the merits." *In re Complaint of Judicial Misconduct*, 579 F.3d 1062, 1064 (9th Cir. Jud. Council 2009); *cf. In re Complaint of Judicial Misconduct*, 583 F.3d 599, 599 (9th Cir. Jud. Council 2009) ("The same claim . . . was rejected in an appeal by one of the parties to the criminal case. . . . The judge's failure to recuse himself based on these allegations therefore cannot constitute past or future misconduct."). It therefore makes some sense to apply limited preclusion principles to the misconduct complaint process.

Thus, when a complainant presented his prejudice claim in a motion to recuse which was dismissed on the merits, we will defer to the recusal ruling unless complainant presents new facts or unusual circumstances. *See In re Comm. on Jud. Conduct*, 517 F.3d 563, 568 (U.S. Jud. Conf. 2008) ("A judge should not be forced to respond repeatedly to the same charges . . . . Harassment, however, is not implicated where . . . some new allegations of cognizable misconduct, supported by new evidence, are presented."). In this case, complainant has presented no evidence that wasn't already considered in the order denying recusal, nor are there any extraordinary circumstances. We therefore dismiss complainant's prejudice claim as precluded.

At the same time, an adverse recusal ruling won't close the door to the misconduct complaint process altogether. A misconduct claim isn't the property of any particular complainant. *Id.* at 567. Thus, even if an individual filing a complaint may be blocked from pursuing a claim, a concerned party who couldn't have joined the recusal motion may press the matter. Indeed, judges have the duty to report judicial misconduct, and the chief judge may investigate potential misconduct *sua sponte*. *See id.* Thus, even if complainant here is

precluded from bringing the complaint, the chief judge and the Judicial Council may pursue the matter until they are convinced that there is no credible evidence of misconduct. Having reviewed the misconduct complaint and the recusal order in the underlying case, I see no basis for pursuing the prejudice claim here.

Complainant's remaining allegations are also without merit. Complainant's allegations that the judge made various improper substantive and procedural rulings relate directly to the merits of those rulings and must be dismissed. *See In re Charge of Judicial Misconduct*, 685 F.2d 1226, 1227 (9th Cir. Jud. Council 1982). Complainant's allegations that the judge was hostile towards him and his attorneys and intimidated him into waiving his right to represent himself are dismissed because complainant hasn't provided any objectively verifiable proof to support these allegations. *See* 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D); *In re Complaint of Judicial Misconduct*, 569 F.3d 1093, 1093 (9th Cir. Jud. Council 2009).

**DISMISSED.**