**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COMPLAINT<br>OF JUDICIAL MISCONDUCT | Nos.  10-90018<br>and<br>10-90019<br>ORDER |

Filed January 14, 2011

---

**ORDER**

KOZINSKI, Chief Judge:

Complainant, a pro se prisoner, alleges that a district judge and a magistrate judge "departed from prevailing legal standards" and "refused to apply Ninth Circuit and Supreme Court case law authorities" when making various substantive and procedural rulings in his *Bivens* action. These charges relate to the merits of the judges' rulings and must be dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(ii); Judicial-Conduct Rule 11(c)(1)(B); *In re Charge of Judicial Misconduct*, 685 F.2d 1226, 1227 (9th Cir. Jud. Council 1982).

Complainant tries to avoid this merits-related bar by citing *In re Judicial Conduct & Disability*, 517 F.3d 558 (U.S. Jud. Conference 2008) ("*Judicial Conduct*"), which recognized that a "pattern and practice" of "disregarding prevailing legal standards . . . may be misconduct." *Id.* at 562. But in order to avoid the merits-related bar, a complainant must at a minimum allege that the rulings in question have been reversed on appeal. The Judicial Council is not a court and thus cannot determine whether a judge's rulings are erroneous. *See In re Judicial Misconduct*, 579 F.3d 1062, 1064 (9th Cir. 2009).

713

The Council can only determine whether a series of rulings that have been found erroneous by a higher authority constitutes a willful pattern and practice of disregarding established legal norms. The complaint must therefore start by identifying rulings that have been reversed or set aside.

Moreover, a single reversal, or even a handful of reversals, doesn't prove misconduct. *See Judicial Conduct*, 517 F.3d at 562. The number of erroneous rulings must be large enough that it could constitute a pattern. And the misconduct complainant must also present "clear and convincing evidence" that this series of erroneous rulings reflects the judge's "virtually habitual," "arbitrary and intentional departure from prevailing law" based on the judge's "disagreement with, or willful indifference to, that law." *Id.* This can generally be done by pointing to a particular error the judge continued to commit even after having been repeatedly corrected on appeal.

Complainant here hasn't pointed to even a single decision that was reversed on appeal. He thus has come nowhere close to alleging a pattern and practice of disregarding the law by either judge named in his complaint. These charges must be dismissed. *See* 28 U.S.C. § 352(b)(1)(B).

Complainant also alleges that the judges issued a "series of biased and prejudicial rulings" that were "collectively designed to deny [him] meaningful access to their courts," and that the magistrate judge conspired with the defendants in his underlying *Bivens* action. Adverse rulings do not prove bias or conspiracy. *See In re Complaint of Judicial Misconduct*, 583 F.3d 598, 598 (9th Cir. 2009). And complainant hasn't provided any other proof to support his allegations of bias. *See In re Complaint of Judicial Misconduct*, 569 F.3d 1093, 1093 (9th Cir. 2009). These charges must also be dismissed as wholly unsupported. *See* 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D).

Complainant's allegation that the judges improperly failed to rule on a motion to amend his complaint must be dismissed because the magistrate judge in fact ruled on the motion, and the district judge ruled on complainant's motion to reconsider the magistrate judge's order. *See* 28 U.S.C. § 352(b)(1)(A)(iii), (b)(2).

Complainant's charges against court staff must be dismissed because the misconduct procedure applies only to federal judges. *See* Judicial-Conduct Rule 4.

**DISMISSED.**