**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COMPLAINT OF JUDICIAL MISCONDUCT | No. 11-90024 ORDER |

Filed May 25, 2011

---

**ORDER**

KOZINSKI, Chief Judge:

A pro se litigant alleges that a magistrate judge, to whom the case was referred for settlement proceedings, should have recused due to a conflict of interest. Allegations that a judge erred in failing to recuse are generally dismissed as merits-related. *See* 28 U.S.C. § 352(b)(1)(A)(ii); Judicial-Conduct Rule 11(c)(1)(B); *In re Complaint of Judicial Misconduct*, 579 F.3d 1062, 1064 (9th Cir. Jud. Council 2009). "A failure to recuse may constitute misconduct only if the judge failed to recuse for an improper purpose." *In re Judicial Misconduct*, 605 F.3d 1060, 1062 (9th Cir. Jud. Council 2010). There's no evidence that happened here.

Complainant also alleges that the magistrate judge was racially biased against her and is mentally disabled. But she provides no evidence to support these allegations. *See In re Complaint of Judicial Misconduct*, 569 F.3d 1093, 1093 (9th Cir. Jud. Council 2009). These charges must therefore be dismissed as unfounded. *See* 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D).

Finally, complainant alleges that the judge "engaged in discussions with" defendant and defendant's attorney in com-

plainant's absence. But it's not inappropriate for a settlement judge to have ex parte communications, in order to facilitate an agreement between the parties. *See, e.g.*, *Platypus Wear, Inc.* v. *U.S. Fid. & Guar. Co.*, No. 09-2839-JLS (WVG), 2010 WL 4055540, at \*1 n.1 (S.D. Cal. 2010); *cf. In re Cnty. of Los Angeles*, 223 F.3d 990, 993 (9th Cir. 2000) (describing difference in the roles of mediators and adjudicators). If the settlement does fail, any ex parte information the settlement judge learns is kept confidential and can have no effect on the resolution of the case. *See, e.g.*, 9th Cir. R. 33-1.

Because complainant doesn't allege conduct "prejudicial to the effective and expeditious administration of the business of the courts," her charges must be dismissed. *See* Judicial-Conduct Rule 11(c)(1)(A).

**DISMISSED.**