**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COMPLAINT OF JUDICIAL MISCONDUCT | No. 12-90162 ORDER |

Filed May 23, 2014

## ORDER

KOZINSKI, Chief Judge:

Complainant alleges that a district judge filed false or misleading financial disclosure statements. Judges file annual financial disclosure statements pursuant to the Ethics in Government Act of 1978. 5 U.S.C. app. §§ 101–111. Both the statute and the *Filing Instructions for Judicial Officers and Employees* provide guidance on what information must be provided and what information is exempt. *See* Comm. on Fin. Disclosure, *Filing Instructions for Judicial Officers and Employees* 1 (2014) (hereinafter *Filing Instructions*). The Judicial Conference of the United States Committee on Financial Disclosure (the "JCUS Committee") receives and reviews each submitted report to ensure that, on the basis of the information provided, the reporting person is in compliance with applicable law and regulations. *Filing Instructions* 1; 5 U.S.C. app. § 103(H)(b). If the report is inadequate, the Committee requests an explanation or corrections from the filer. 5 U.S.C. app. § 106(b)(2). If any

individual "knowingly and willfully falsifies" information required on the report, the Attorney General may bring a civil action in district court.  *Id.* § 104(a)(1).

The statute provides that "[a] reporting individual shall not be required to report the financial interests held by a widely held investment fund (whether such fund is a mutual fund, regulated investment company, pension or deferred compensation plan)" if the fund is publicly traded or widely diversified, and the reporting individual has no ability to exercise control over the financial interests held.  5 U.S.C. app. § 102(f)(8); *see also* 28 U.S.C. 455 § (d)(4)(i));  *Filing Instructions* 55.  Thus, a filer is normally not required to report the individual assets owned by a mutual fund nor transactions conducted by the fund in the purchase or sale of assets.  5 U.S.C. app. § 102(f)(8).

Many of complainant's allegations are based on her theory that the mutual funds listed by the judge are not actual mutual funds.  She also sets forth several of the judge's asset descriptions that she finds misleading or inadequate.  But it is the JCUS Committee that has jurisdiction to review and approve these financial disclosure reports.  Misconduct proceedings are not a forum to second-guess whether the JCUS Committee properly approved reports or correctly interpreted the statutory regulations.

Under Judicial-Conduct Rule 3(h)(1)(G), violating financial disclosure requirements may be cognizable misconduct, but only if the judge knowingly files false reports or repeatedly files erroneous reports, casting doubt on the judge's good faith in making the disclosures. *See* 28 U.S.C. § 455(b)(4).  Nothing like that occurred here.  There is no evidence that the judge made any mistakes in preparing his

reports, much less committed a knowing falsehood.  Nor has the Attorney General brought an action against the judge for knowing or willful infraction of the reporting requirements. These claims are dismissed as unfounded.  *See* 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D).

Complainant further alleges that the judge should have recused *sua sponte* from dozens of cases due to an alleged financial conflict of interest in mortgage-related matters. Allegations that a judge erred in failing to recuse are merits-related and must be dismissed.  *See* 28 U.S.C. § 352(b)(1)(A)(ii); *In re Complaint of Judicial Misconduct*, 579 F.3d 1062, 1064 (9th Cir. 2009); Judicial-Conduct Rule 11(c)(1)(B).  Although an allegation that a judge presided in a case knowing that he was subject to a conflict of interest may present a viable claim of judicial misconduct, *see Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice* 146 (2006), there is no evidence that any conflict was brought to the judge's attention.  Nor is there evidence that such a conflict existed. The allegations are therefore dismissed as baseless. 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D).

Complainant also claims that the judge's mortgage-backed securities investments create conflicts of interest.  But complainant's theory is tenuous at best.  She attempts to link all Mortgage Electronic Registration Systems (MERS) users to suggest that owning any mutual fund that includes mortgage-backed shares constitutes an interest in any other such investment.  These claims are dismissed as there's no evidence that the judge controlled the management of these funds, or that the outcome of the proceedings substantially affected the value of the interests.  28 U.S.C. § 455(d)(4)(i);

*see also* Comm. on Codes of Conduct, *Advisory Opinion No. 57* (2009).

**DISMISSED.**