**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

IN RE COMPLAINT OF JUDICIAL MISCONDUCT

Nos. 16-90034
16-90058

ORDER

Filed July 14, 2016

**ORDER**

THOMAS, Chief Judge:

Complainant, an attorney in disbarment proceedings, filed a civil suit against the state's bar association. She alleges that two district judges who made rulings in that case should have recused themselves. This allegation is merits-related and must be dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(ii); Judicial-Conduct Rule 11(c)(1)(B); *In re Complaint of Judicial Misconduct*, 579 F.3d 1062, 1064 (9th Cir. Jud. Council 2009); *Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice* 146 (2006). An allegation that a judge presided in a case knowing he is subject to a material conflict of interest or intending to favor one party on grounds unrelated to the merits may present a viable claim of judicial misconduct. *See id.* But to state such a claim, a complainant would have to provide convincing proof that the judge was aware of a material conflict or was acting with a corrupt motive.

The evidence that complainant presents does not suffice. Complainant claims that the two subject judges are biased in favor of the bar and have a conflict of interest because they are members of the state's bar association, have served on bar boards or committees, and have taught CLE sessions for the bar or sat on a CLE panel with one or more of the 50-plus defendants named in complainant's suit. Complainant filed motions to disqualify in the underlying case, raising the same concerns, and those motions were denied.

The Code of Conduct for United States Judges, Canon 4(A), provides that "a judge may speak, write, lecture, teach, and participate in other activities concerning the law," and "may participate in and serve as a member, officer, director, trustee, or nonlegal advisor of a nonprofit organization devoted to the law."  "As a judicial officer and a person specially learned in the law, a judge is in a unique position to contribute to the law…[and] is encouraged to do so, either independently or through a bar association, judicial conference, or other organization dedicated to the law." Code of Conduct for United States Judges, Commentary to Canon 4; *see also* Comm. on Codes of Conduct, *Advisory Opinion No. 34* ("a judge may properly serve as an officer or member of a board, council or committee of a bar association, subject to the restrictions set forth in Canon 4").  It is not evidence of misconduct that the subject judges are members of the bar and have served on bar committees or as CLE panelists.

Further, complainant offers no evidence to support her allegation that the judges are biased because they have personal friendships with the defendants.  *See In re Complaint of Judicial Misconduct*, 687 F.3d 1188 (9th Cir. Jud. Council 2012) ("adverse rulings alone do not constitute proof of bias").  Accordingly, these allegations of misconduct

based on bias or conflicts of interest are dismissed for failure to raise an inference of misconduct. *See* 28 U.S.C. § 352(b)(1)(A)(iii); *In re Complaint of Judicial Misconduct*, 650 F.3d 1370, 1371 (9th Cir. Jud. Council 2011); Judicial-Conduct Rule 11(c)(1)(D).

**DISMISSED.**